Androniky HAZELWOOD et al., Appellants,

v.

MANDRELL INDUSTRIES CO., LTD., Appellee.

No. 17551.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 31, 1980.

Rehearing Denied March 6, 1980.

Helm, Pletcher, Hogan & Burrow, Richard P. Hogan, Houston, for appellants.

Royston, Rayzor, Vickery & Williams, Ted C. Litton, Houston, for appellee.

Before PEDEN, EVANS and WARREN, JJ.

EVANS, Justice.

The principal question in this wrongful death action is whether an employment contract limiting an employer's liability for industrial injuries and death is void as against public policy.

The employee, William P. Hazelwood, executed an employment contract on June 19, 1973 with Mandrell Industries Co., Ltd. at Houston, Texas. This contract contains a paragraph entitled "Industrial Injuries" which provides as follows:

"Industrial injuries and death resulting therefrom, including occupational accidents and diseases, arising out of and in the course of your employment will be covered to the limits provided by the industrial compensation laws of the State of Texas and such compensation provision shall be the limit of our liability to yourself or your dependents in the event of a claim by you against the Company for personal injuries, you will submit to examination by a physician or physicians of the Company's selection as often as may be requested, and upon any refusal to do so within ten days after such request by the Company, the claim shall be deemed waived."

In May 1973, Mr. Hazelwood died while working for Mandrell in Africa, and Hazelwood's widow, acting individually and as representative for his estate and minor survivors, brought this wrongful death action against Mandrell.

Prior to a trial on the merits, Mandrell filed a motion for judgment, requesting that the court limit the plaintiff's recovery to the amounts provided under the Texas Worker's Compensation Act, Article 8306, Tex.Rev.Civ.Stat.Ann. The trial court granted Mandrell's motion and entered judgment for the plaintiffs in the amount of $21,258.73, representing the amount of compensation provided by the Act. The plaintiffs bring this appeal.

In two points of error the plaintiffs contend that the trial court erred in limiting their recovery to that provided under the Texas Worker's Compensation Act because the contractual provision is (1) in violation of public policy since it did not require Mandrell to waive its common law defenses and (2) because it was unenforceable as a contract of adhesion due to its one-sided nature and the superior bargaining power of Mandrell.

Voluntary employment contracts providing, in effect, that an employee's recovery for industrial injuries sustained while working for a nonsubscribing employer shall be determined by the measure of benefits provided by the Texas Worker's Compensation Act, have been held valid and enforceable by several courts in this State. *Tigrett v. Heritage Bldg. Company*, 533 S.W.2d 65 (Tex.Civ.App.—Texarkana 1976, writ ref'd n. r. e.); *Employers Mutual Casualty Company v. Poorman*, 428 S.W.2d 698 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.); *United States Fidelity & Guaranty Company v. Valdez*, 390 S.W.2d 485 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.). However, it does not appear from the decisions in those cases whether the employment contracts there involved provided that the nonsubscribing employers waived their common law defenses.

At the time of Hazelwood's death, the Texas Worker's Compensation Act did not

extend coverage to out-of-state employees, and it is Mandrell's contention that the contractual provision is actually in furtherance of the public good since it extended the Act's coverage to an employee who otherwise would not have enjoyed the certainty of the measure of recovery provided by the terms of the Act. Mandrell argues that the contract provision merely offers the employee's survivors the same measure of recovery as that to which they would have been entitled if the accident had occurred in Texas.

The difficulty with Mandrell's position is that the contractual provision does not preclude Mandrell's assertion of its defenses at common law. Although the provision recites that the employee is to be "covered to the limits provided by the Industrial Compensation Laws of the State of Texas", the only agreement specified in the contract is that Mandrell's liability is to be limited to the measure of compensation provided by the Act. There is no language in this provision or elsewhere in the contract which, expressly or by implication, could be deemed a contractual waiver of Mandrell's common law defenses. Thus, the end result of the contractual provision is the limitation of Mandrell's liability while at the same time permitting Mandrell to retain its common law defenses.

■ Mandrell points out that it did not assert any common law defenses against the plaintiffs and that upon its admission of liability the plaintiffs received the full amount of benefits recoverable under the Worker's Compensation Act. However, the fact that the contractual provision did not result in actual injury to the plaintiffs is not determinative of whether it must be declared invalid as opposed to the interests of the public. In considering whether a contract is contrary to public policy, the test is whether the tendency of the agreement is injurious to the public good, not whether its application in a particular case results in actual injury. See 17 C.J.S. Contracts § 211 p. 1016; *Uvalde Const. Co. v. Shannon*, 165 S.W.2d 512, 513 (Tex.Civ.App.—Eastland 1942, no writ); *Amarillo Oil Co. v. Ranch*

*Creek Oil and Gas Co.*, 271 S.W. 145, 151 (Tex.Civ.App.—Amarillo 1925, writ dism'd by agr.).

The Texas Worker's Compensation Act does not mandate coverage for every employee working for a Texas based employer and it is therefore in the public interest that voluntary employment contracts such as that here involved be in accord with the intent of the legislature as reflected by the Act.

■ The Texas Worker's Compensation Act was enacted primarily for the benefit and protection of the employee. *Woolsey v. Panhandle Refining Co.*, 131 Tex. 449, 116 S.W.2d 675 (1938); *Fidelity & Casualty Co. v. McLaughlin*, 134 Tex. 613, 135 S.W.2d 955 (1940). The object of the statute was to do away with the employer's common law defenses and to fix the amount recoverable by the employee free of any uncertainty. *Woolsey v. Panhandle Refining Co.*, supra. The statute, on the one hand, takes away from the subscribing employer his common law defenses, and, on the other, it limits the amount of compensation recoverable by the employee. If, as in the case at bar, this balance is tipped so that the employee's benefits under the statute are substantially reduced, the clear intent of the legislature is thwarted. Thus, the contractual provision in question must be declared invalid as against public policy.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.