**DALLAS INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Mattie Bell PORTER, Appellee.**

**No. 05–87–00721–CV.**

Court of Appeals of Texas, Dallas.

Aug. 19, 1988.

Rehearing Denied Nov. 3, 1988.

See also, 709 S.W.2d 642.

**455**

supervisor directed Porter to return to his post on another floor in the school. At this point, Porter left the office and the supervisor remained behind to talk with the grandmother. However, as the grandmother left the school office, she came upon Porter who had not yet returned to his post. The argument again heated up whereupon the grandmother took a pistol from her purse and shot and killed Porter.

In its first point of error, DISD complains that there was no evidence that the injury which caused Porter's death was sustained in the course of his employment. In considering a "no evidence" point, we must consider only the evidence and inferences supporting the finding and reject any evidence or inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). Considering the evidence under this standard, we sustain DISD's first point.

For an employee or his statutory beneficiaries to recover workers' compensation benefits, the claimant must show that the employee sustained an injury in the course of his employment. TEX.REV.CIV.STAT. ANN. art. 8306, §§ 1, 3b (Vernon 1967); *Deathridge v. International Insurance Company*, 615 S.W.2d 181, 181–82 (Tex. 1981). Article 8309, § 1 defines "injury sustained in the course of employment." The supreme court has construed article 8309, § 1 as imposing two requirements upon a claimant seeking to recover workers' compensation benefits.[3]

Thus, for a claimant to recover under our statute he must meet two requirements. First, the injury must have occurred while the claimant was engaged in or about the furtherance of his employer's affairs or business. Second, the claimant must show that the injury was of a kind and character that had to do with and originated in the employer's work, trade, business or profession.

David S. Kidder, John P. Polewski, Tim Bates, Dallas, Alexandra W. Albright, Austin, for appellant.

S. Lynn Blakeman, John B. Wilson, Dallas, for appellee.

Before ENOCH, C.J., and McKAY[1] and BISSETT,[2] JJ.

McKAY, Justice.

This is an appeal from a judgment against the Dallas Independent School District (DISD) in favor of Mattie Porter for death benefits under the Texas Workers' Compensation Act. Mattie Bell Porter is the widow of Woodrow Porter, Jr. (Porter).

Porter was employed by DISD as a janitor at Dunbar Elementary School in Dallas. He resided directly across the street from the school. From the statement of facts we glean that on April 26, 1978, Porter was on duty at the school when he noticed a child near his automobile which was parked at his residence. Believing that the child was vandalizing his car, Porter left the school premises, confronted the child in front of Porter's residence, and spanked the child. After the spanking, the child left and Porter returned to the school.

Later on that same day, the grandmother of Mondell Washington, the child who was spanked, arrived at the Dunbar School and asked to see Porter. Porter was called to the office by his supervisor, and he and the grandmother began discussing the spanking incident. The meeting turned into an argument and then into loud yelling. The

**1.** The Honorable Connally McKay, retired, Court of Appeals, Twelfth District of Texas at Tyler, sitting by assignment.

**2.** The Honorable Gerald T. Bissett, retired, Court of Appeals, Thirteenth District of Texas at Corpus Christi, sitting by assignment.

**3.** In *INA of Texas v. Bryant*, 686 S.W.2d 614 (Tex.1985), the supreme court identified a third requirement that a claimant must meet to recover workers' compensation benefits. The claimant must also show that the injured party was an employee. In this case, there is no dispute that Porter was an employee of DISD.

*Texas Employers Insurance Association v. Page,* 553 S.W.2d 98, 99 (Tex.1977); *accord Deathridge,* 615 S.W.2d at 181–82 (Tex.1981); *Director, State Employees Workers' Compensation Division v. Bush,* 667 S.W.2d 559 (Tex.App.—Dallas 1983, no writ).

In addition to imposing these two requirements, article 8309, § 1 specifically excludes from the definition of an injury sustained in the course of employment:

> (2) An injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment.

TEX.REV.CIV.STAT.ANN. art. 8309, § 1 (Vernon 1967). In *Nasser v. Security Insurance Co.,* 724 S.W.2d 17 (Tex.1987), the supreme court recently addressed this "personal animosity exception." In *Nasser,* Izzat Nasser, an assistant manager of a restaurant, was stabbed by Victor Daryoush. Daryoush, who had recently been released from a mental hospital, was the former boyfriend of Marianne Dawes, a frequent customer at Nasser's restaurant. When Dawes was eating at the restaurant, Nasser would sometimes sit and talk with her. Daryoush apparently saw them together and became jealous. He went to the restaurant and, when Nasser was called from his office to see him, stabbed Nasser.

The jury found that Nasser's injury was sustained in the course of his employment, and the trial court entered judgment in Nasser's favor. Concluding that Nasser's injury fell squarely within the "personal animosity" exception, the court of appeals held that there was no evidence to sustain the jury's finding and reversed. The supreme court reversed the court of appeals. The supreme court observed that Nasser had testified that being nice to customers was part of his job and that he frequently sat down with customers dining alone. The court further observed that Nasser stated that when he was called from his office to see Daryoush, he assumed that he was needed to deal with a customer's problem. Dealing with customer problems was also part of his job. Finally the court noted that Nasser would never have talked with Dawes if she had not been a customer of the restaurant. The court held that these factors represented some evidence to support the jury's finding that Nasser was injured in the course of his employment.

In the present case, however, there are no similar factors to support the jury's finding. Only two facts support the jury finding: the fact that the grandmother went to the school to pursue her grievance against Porter and the fact that Porter was called to speak to her by his supervisor. These factors alone are not sufficient to support the jury finding. *See Texas Indemnity Insurance Co. v. Cheely,* 232 S.W.2d 124, 126 (Tex.Civ.App.—Amarillo 1950, writ ref'd) (proof that the injury occurred while the employee was engaged in the furtherance of his employers' business is not alone sufficient); A. Larson, *The Law of Workmen's Compensation* § 11.21 (1985) (positional risk test inapplicable to privately motivated assault). The undisputed evidence showed that Porter's duties did not include disciplining children. When Porter left the school property to discipline Washington, he was not acting in pursuit of his duties as an employee or in furtherance of his employer's business. Thus, unlike *Nasser,* the injury in this case was the result of a dispute which had been transported from Porter's private life into his place of employment. This is precisely the type of injury which the "personal animosity exception" is intended to exclude. *Nasser,* 724 S.W.2d at 19.

The record in this cause fails to meet the requirements of article 8309, § 1. The record here demonstrates that the injury causing the death of Porter was caused by "an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment." Viewing the evidence in the light most favorable to the verdict, we conclude that there is no evidence that Porter's injuries were sustained in the course of his employment. DISD's first point of error is sustained. Because of our disposition of this

first point of error, we do not address DISD's additional points of error.

By cross-point, Porter contends that the trial court erred in refusing to award Porter certain expenses as sanctions against DISD for discovery abuse. A cross-point that is not directed to the defense of the judgment places the party asserting the cross-point in the position of an appellant. As such, he must file a timely cost bond, cash deposit, or affidavit. *Chapman Air Conditioning, Inc. v. Franks*, 732 S.W.2d 737, 742–43 (Tex.App.—Dallas 1987, no writ).

In this case, Porter's cross-point is not directed to the defense of the judgment. Instead, it seeks additional, affirmative relief. Porter failed to file the required cost bond, cash deposit, or affidavit. Therefore, we have no jurisdiction to consider Porter's cross-point and it is dismissed.

The judgment of the trial court is reversed, and judgment is here rendered for appellant.