E–Z MART STORES, INC., Appellant,

v.

Linda HALE, Appellee.

No. 06–93–00079–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 29, 1994.

Decided July 21, 1994.

Rehearing Denied Sept. 13, 1994.

John R. Mercy, Atchley, Russell, Waldrop, Hlavinka, Texarkana, for appellant.

Tom Needham, Needham, Johnson, Lovelace, Johnson, Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

E–Z Mart Stores, Inc. appeals from a judgment favoring Linda Hale in her lawsuit alleging a breach of contract and a breach of the duty of good faith and fair dealing. E–Z Mart contends that as a matter of law there was no contract between itself and Hale, that the evidence is legally or factually insufficient to support the existence of a contract, that no issue was submitted to the jury on the existence of a contract, and that, absent a finding on the existence of a contract, Hale could not collect on her allegation of a breach of the duty of good faith and fair dealing.

Linda Hale testified that on August 6, 1987, while she was working as an E–Z Mart store manager, she injured her back carrying a wooden ladder used to change gasoline prices displayed on an outside sign post. E–Z Mart had previously posted a notice to its employees that, effective May 22, 1987, E–Z Mart was switching to a self-insurance program for workers' compensation benefits. After her injury, Hale reported her injury to the E–Z Mart employee in charge of such claims, and E–Z Mart paid Hale monetary benefits and began paying for her medical expenses. On May 31, 1988, Hale was informed that E–Z Mart had stopped paying the expenses. E–Z Mart contends that an investigator hired by it had determined that

Hale's injury did not occur in the manner that she had alleged and that he recommended that her claim should be denied.

Hale sued E–Z Mart claiming negligence, a violation of the Texas Insurance Code, breach of contract, misrepresentation, fraud, and a violation of the duty of good faith and fair dealing. After four days of trial, the jury charge submitted theories of negligence, violation of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and, perhaps, breach of contract. The jury found that E–Z Mart had breached the contract and its duty of good faith and fair dealing and that it violated the Texas Insurance Code. Hale moved for judgment only on the theories of breach of contract and breach of the duty of good faith and fair dealing. The trial court entered judgment awarding the plaintiff $254,686.27, fifty weeks of compensation benefits at the rate of $143.33 a week, and pre- and post-judgment interest.

## I. BREACH OF CONTRACT

The parties initially argue whether a contract existed between them, whether this issue should have been presented to the jury, and what effect the failure to submit the issue should have had on the resulting judgment. E–Z Mart is a nonsubscriber under the Workers' Compensation Act and, therefore, Hale must prove either that E–Z Mart was negligent or that E–Z Mart and Hale had a contract providing the same benefits as would be received under workers' compensation coverage. The jury refused to find, in response to question 9, that E–Z Mart's negligence, if any, was not a proximate cause of any of Hale's total incapacity. Hale does not challenge this finding and is, therefore, relegated to her contract theory of recovery. Under Texas law, a contract is enforceable when an employer obligates itself to provide the benefits that would be provided under workers' compensation. *Tigrett v. Heritage Bldg. Co.*, 533 S.W.2d 65, 70 (Tex.Civ.App.–Texarkana 1976, writ ref'd n.r.e.); *see also Hazelwood v. Mandrell Industries Co.*, 596 S.W.2d 204, 205 (Tex.Civ.App.–Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Hale asserts that the existence of contractual duties was established as a matter of law by the evidence as presented by E–Z Mart's attorney. In pretrial motions and briefs, E–Z Mart relied on the existence of the self-insurance program in arguing that Hale's claims were barred by federal preemption under ERISA. During the voir dire phase of the trial, E–Z Mart's attorney told venire members that E–Z Mart had set up its own program to handle on-the-job employee injuries, that the program was governed by the same rules as a workers' compensation program, and that the evidence would show that E–Z Mart sent a bulletin to all of its employees informing them that claims under the new system would be handled the same as claims under the workers' compensation system. In his opening statement, E–Z Mart's attorney stated that E–Z Mart sent the bulletin to explain to its employees that claims would be handled in the same fashion, and, in closing argument, E–Z Mart's attorney again explained to the jury that E–Z Mart had set up a program to handle claims from on-the-job injuries. Thus, E–Z Mart did not place in issue whether a contract of insurance existed. An issue that is not in controversy need not be presented to a jury.

Both parties contend that the other side waived its argument on the existence of the contract by failing to object to a jury charge submitted without an issue regarding the contract's existence. If an entire theory is omitted from the charge, it is waived, and the defendant has no duty to object. *Ramos v. Frito–Lay, Inc.* 784 S.W.2d 667, 668 (Tex. 1990). Where an issue is omitted which constitutes only a part of a complete and independent ground and other issues necessarily referable to that ground are submitted and answered, the omitted elements are deemed found in support of the judgment if no objection is made and they are supported by sufficient evidence. *Id; see also* TEX. R.CIV.P. 279; *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 495 (Tex.1991) (breach of contract case following *Ramos* ).

Jury questions 13 and 14 set out parts of the breach of contract claim. Question 13 asks: "Did Linda Hale receive an injury on or about August 6, 1987, in the course of her employment that was a producing cause of any total incapacity?" Question 14 inquires about the duration of such incapacity. The jury questions clearly assume the existence of an insurance contract between E–Z Mart and its employees. The evidence presented conclusively proves that E–Z Mart made the decision to replace workers' compensation insurance with a self-insurance program. Since Hale was an employee, the contract applied to her as well as the other eligible employees of E–Z Mart. Based upon these facts, the manner in which the case was presented to the jury, and the character of the questions submitted to the jury, we deem a finding of the existence of a contract to provide workers' compensation benefits to its employees by E–Z Mart. This finding is made in support of the judgment. *See Cielo Dorado Dev. v. Certainteed Corp.,* 744 S.W.2d 10, 11 (Tex.1988). This point of error is overruled.

Hale additionally argues that any error committed by the trial court in submitting question 13 unconditioned on any other question was invited by E–Z Mart because its attorney encouraged the court to submit the question unconditionally. Although E–Z Mart's attorney did request question 13 to be the first question in the charge, he also suggested changes in it which would have made it a general question regarding whether the injury occurred in the course and scope of employment, and he also objected to question 14 as setting up a statutory cause of action which had not been pleaded, apparently indicating a workers' compensation suit. E–Z Mart did not invite the error.

E–Z Mart next contends that if the court determines that a finding on the existence of a contract might be deemed, the evidence was legally and factually insufficient to support such a finding. In reviewing a legal sufficiency point of error, the court should examine only the evidence and inferences that support the jury's finding, and it should disregard all evidence and inferences to the contrary. *Larson v. Cook Consultants, Inc.,* 690 S.W.2d 567 (Tex.1985). If there is any evidence of probative value which supports the finding, then the point of

error fails. *Holley v. Watts,* 629 S.W.2d 694 (Tex.1982). When reviewing a factual sufficiency point of error, the court should examine all of the evidence and set aside the finding only if it goes against the overwhelming weight of the evidence so as to be clearly wrong and manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Hale pleaded both an express and an implied contract. E–Z Mart contends that there is no evidence to support the existence of an express contract, and Hale does not dispute this. The evidence shows that E–Z Mart posted a notice in the store where Hale worked which stated that:

> Effective 5–22–87 all E–Z Mart employees are covered by Workmen's Compensation Ins. through E–Z Mart, Inc. Self Insurance Program. The Company has assumed the role of your Workmen's Comp. Insurance Company.

Because this is not a formal contract of offer and acceptance, it is best categorized as an implied contract, based on the relationship of the parties and their actions.

■■■ A contract implied in fact arises from the acts and conduct of the parties, it being implied from the facts and circumstances that there was a mutual intention to contract. *Haws & Garrett G. Con., Inc. v. Gorbett Bros. Weld. Co.,* 480 S.W.2d 607, 609 (Tex.1972). The real difference between express contracts and those implied in fact is in the character and manner of proof required to establish them. *Id.* It may be said broadly that any conduct of one party, from which the other may reasonably draw the inference of a promise, is effective in law as such. *Id.*

■■■ A vice-president of E–Z Mart testified that the corporation created and funded its own program to provide benefits parallel to those provided under the Workers' Compensation Act. E–Z Mart posted the notice and, after her injury, Hale reported her injury to Paula O'Rourke Jeans, the E–Z Mart employee in charge of receiving injury claims under the program. Hale testified that Jeans said that "everything would be taken care of, the medical bills, whatever I needed would be taken care of." E–Z Mart then paid Hale monetary benefits, which she accepted, and it paid certain medical expenses involved in treating her back, including surgery and rehabilitation services. Hale contends that the facts detailed above support a finding that an implied-in-fact contract existed between the parties in regard to benefits for on-the-job injuries.

The evidence demonstrates that the parties had a mutual intention to contract as is required when a contract is implied in fact. *See id.* E–Z Mart points to Hale's testimony that, when she began working for E–Z Mart, she did not care whether the company had workers' compensation coverage, and she did not ask if it did have coverage. However, Hale further testified that she expected to be compensated if she was hurt on the job.

Hale continued to work for E–Z Mart after the posting of the notice. The benefit of her services to E–Z Mart constitutes consideration. The benefit program is just another form of compensation for her services. The evidence is sufficient to support a deemed finding on this theory.

## II. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

■■■ E–Z Mart next contends that the duty of good faith and fair dealing that is imposed upon insurers does not apply in this case. The jury found that E–Z Mart breached the duty of good faith and fair dealing that it owed to Hale. A duty of good faith and fair dealing arises where a contract between the parties expressly provides the duty or when a special relationship exists between the parties. *Arnold v. National County Mutual Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987). Although the duty does not exist in the at-will employment context, *Day & Zimmermann v. Hatridge,* 831 S.W.2d 65, 70–71 (Tex.App.–Texarkana 1992, writ. denied), Texas does recognize such a duty rising as a matter of law from the insured-insurer relationship. *Arnold,* 725 S.W.2d at 167; *see also Aranda v. Insurance Co. of North America,* 748 S.W.2d 210, 212 (Tex.1988) (workers' compensation carriers).

██ This duty is imposed upon insurers because a special relationship exists between insurers and insured. The relationship

arises out of the parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims. In addition, without such a cause of action insurers can arbitrarily deny coverage and delay payment of a claim with no more penalty than interest on the amount owed. An insurance company has exclusive control over the evaluation, processing and denial of claims.

*Arnold,* 725 S.W.2d at 167.

██ The question presented is whether E–Z Mart, by its decision to self-insure its employees, placed itself under the same duty of good faith and fair dealing as that imposed upon a formal insurance company. The El Paso Court of Appeals held that such a duty does not exist in *Texas Health Enterprises, Inc. v. Gentry,* 787 S.W.2d 604 (Tex.App.–El Paso 1990, no writ). The court held that a nursing home that provided employees with benefits similar to workers' compensation benefits could not have violated the Insurance Code because it was not in the business of insurance and because the benefit program did not take the form of a formal insurance policy.

*Gentry* is distinguishable because it involved allegations of technical violations of the Insurance Code rather than a violation of its duty to act fairly with its insureds, and because the nursing home did not set itself out as the insurer of its employees. Thus, in *Gentry,* the purpose behind the imposition of the duty upon insurers is not implicated with the degree of clarity apparent in the present case.

In the present case, when E–Z Mart informed its employees that it had disposed of its insurance coverage for its employees, E–Z Mart expressly stated that "[t]he Company has assumed the role of your Workmen's Comp. Insurance Company." E–Z Mart made the unqualified decision to place itself in the position of an insurer. We will hold it

to its decision. These points of error are overruled.

## III. STATUTE OF LIMITATIONS

██ E–Z Mart lastly contends that Hale's bad faith claim is barred by the two-year statute of limitations found in Tex.Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986). A cause of action alleging a breach of the duty of good faith and fair dealing must be filed within two years of the accrual of the cause of action, i.e. when coverage is denied. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826 (Tex.1990).

E–Z Mart stopped paying benefits on Hale's claim in December 1987, and Hale apparently became aware of the denial of her claim in May 1988 when she was told by someone treating her condition that her treatments were no longer being paid for by E–Z Mart. E–Z Mart, therefore, contends that Hale's cause of action should have been filed by December 1989 or, at the latest, May 1990 and, because she did not allege a breach of the duty of good faith and fair dealing until February 15, 1993, in her third amended petition, her cause of action is barred by limitations.

Hale relies on Tex.Civ.Prac. & Rem.Code Ann. § 16.068 (Vernon 1986) which provides:

If a filed pleading relates to a cause of action ... that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability ... is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

*See also Ex parte Goad,* 690 S.W.2d 894 (Tex.1985); *Pineda v. PMI Mortgage Ins. Co.,* 843 S.W.2d 660 (Tex.App.–Corpus Christi 1992), *writ denied per curiam,* 851 S.W.2d 191 (Tex.1993).

Hale filed her original pleading on March 10, 1989, well within the two-year period that ran from the time E–Z Mart stopped paying her benefits. This pleading alleges negli-

gence and a breach of contract. Since her cause of action for a breach of the duty of good faith and fair dealing stems from E–Z Mart's failure to pay her benefits under the program, as does her breach of contract claim, these claims appear to be based on the same transaction or occurrence. Thus, the breach of the duty of good faith and fair dealing claim is not barred by the statute of limitations.[1] This point of error is overruled.

## IV. DAMAGES FOR DELAY

Hale requests that the court award her an amount equal to ten percent of the judgment as damages for delay because E–Z Mart's appeal is groundless. Specifically, she contends that E–Z Mart has completely reversed its position on the existence of the contract from its position at trial merely to create frivolous points of error on appeal. She complains that the delay caused by the appeal has amounted to nearly a year thus far and, in the meantime, she has been denied needed benefits and medical care.

We find that E–Z Mart brought some matters of legitimate controversy before this Court—this application of the duty of good faith and fair dealing being one of first impression. The request for damages is denied.

The judgment of the trial court is affirmed.

---

1. *See Guajardo v. Liberty Mutual Ins. Co.*, 831 S.W.2d 358 (Tex.App.–Corpus Christi 1992, writ denied) (court held that claims for workers' compensation benefits and breach of the duty of good faith and fair dealing were based on the same transaction or occurrence); *Long v. State Farm Fire and Cas. Co.*, 828 S.W.2d 125 (Tex.App.–Houston [1st Dist.] 1992, writ denied) (court held that a breach of the duty of good faith and fair dealing was based on the same transaction or occurrence as were benefits under an insurance policy).