Raul BRITO, Plaintiff,

v.

**INTEX AVIATION SERVICES, INC., and Delta Air Lines, Inc., Defendants.**

No. 4:94–CV–660–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

March 20, 1995.

Jay K. Gray, Law Offices of Charles Note-boom, Hurst, TX, for Raul Brito.

Mia M. Martin, Thompson & Knight, Dallas, TX, for Intex Aviation Services, Inc.

Debra Stahl Fitzgerald, Crouch & Hallett, Dallas, TX, for Delta Airlines, Inc.

## MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

Before the court for decision in the above-styled and numbered action is the motion of defendant Intex Aviation Services, Inc., ("Intex") for summary judgment. After considering the motion, the brief in support thereof ("Brief"), the response, as amended,[1] of plaintiff, Raul Brito, ("Brito"), the reply thereto, the applicable authorities, and other pertinent parts of the record, the court finds that the motion should be granted.

### I.

#### Brito's Claims

Brito asserts claims against defendants, Delta Air Lines, Inc., ("Delta") and Intex for recovery of damages he alleges he suffered while working for Intex. Plaintiff's Original Petition at 3. He alleges that he was an employee of Intex, a company that contracted with Delta to clean airplanes at the Dallas/Fort Worth Airport, that in September 1992, as he was exiting from a Delta DC–9 aircraft he had cleaned, he was injured when he slipped on grease on the stairway, and that his injury was caused by the negligence and gross negligence of Intex and Delta. Id. at 2–3.

### II.

#### The Motion, Brief, Response, and Reply

Intex alleges that: Prior to Brito's accident, Intex rejected coverage under the Texas Worker's Compensation Act ("the Act"), and established a voluntary occupational insurance plan ("the plan"), in which employees could enroll by executing, inter alia, a waiver ("the waiver") by which they agreed to waive all rights under the Act, any other statute, or under common law, to assert legal action against Intex for work related injuries and agreed that the plan would be the sole source of recovery for such injuries. Brief at 3. Brito elected to participate in the plan, he signed the waiver on August 25, 1992, and he received and retained medical benefits and wage replacement benefits under the plan for his September 1992 injury. Id. at 2.

Intex asserts that summary judgment is appropriate because (1) Brito's claims against Intex arising out of his September 19, 1995, work related injury are barred by the waiver, id. at 5; (2) Brito ratified the waiver by accepting benefits under the ,plan for his injury,[2] id. at 6–8; and, (3) Brito is estopped from asserting his claims under the quasi-estoppel doctrine, by nature of having accepted the benefits under the plan. Id. at 8–10.

---

1. Brito's response is subject to being stricken because he failed to list the disputed facts on which he relies and the issues of law. Rule 5.2(a) of the Local Rules of the United States District Court for the Northern District of Texas. In the future, the court expects, without exception, strict compliance with all applicable authorities.

2. Supporting this assertion, Intex argues that equity principles prohibit Brito from retaining benefits received under the plan, such that, even if the waiver is invalid, Brito's retention of benefits received under the plan constitute a ratification the plan and all terms and obligations contained therein. Id.

In his response, Brito asserts that the waiver is unenforceable under Texas law because it contravenes the Act, that it is void under Tex.Lab.Code.Ann. § 406.035, prohibiting waivers of compensation, that, because the waiver is void, it cannot be ratified or saved by estoppel, and that he did not understand the meaning and consequences of the waiver when he signed it because it was not explained to him. Response at 4–7.

In its reply, Intex distinguishes from the instant action the authorities upon which Brito relies to support his contention that the waiver is unenforceable, and reasserts its ratification and estoppel arguments.

### III.

*Applicable Summary Judgment Principles*

■ A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. The movant may discharge this burden by showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 248, 256, 106 S.Ct. at 2514. An issue is material only if its resolution could affect the outcome of the action. *Id.* at 248, 106 S.Ct. at 2510. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons*, 746 F.2d 265, 269 (5th Cir.1984).

The Fifth Circuit explained the burden placed on the nonmovant:

> When the nonmovant fails to make a sufficient showing on an essential element of her case, the moving party is entitled to summary judgment "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

*McKee v. City of Rockwall, Texas*, 877 F.2d 409, 414–15 (5th Cir.1989) (quoting *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552), *cert. denied*, 493 U.S. 1023, 110 S.Ct. 727, 107 L.Ed.2d 746 (1990).

### IV.

*Analysis*

The relevant summary judgment evidence establishes that:

(1) On February 1, 1992, Intex rejected coverage under the Act, concurrently with establishing the plan. Materials Submitted in Support of Defendant's Motion for Summary Judgment ("Materials"), Exhibit "1" at 2.

(2) Brito began employment with Intex on August 25, 1992. *Id.* On that same date, he acknowledged receipt of notice that Intex rejected coverage under the Act, that Intex adopted the plan, and that execution of a waiver was necessary for enrollment in the plan. Materials, Exhibit "1B."

(3) Brito signed the waiver on August 25, 1992.[3] Materials, Exhibit "1C." The pertinent parts of the waiver stated:

MY SIGNATURE BELOW CONFIRMS I UNDERSTAND AND AGREE TO THE FOLLOWING:

1. ON AND AFTER FEBRUARY 1, 1992, INTEX AVIATION SERVICES,

---

3. The summary judgment record also establishes that Intex amended the plan sometime after Brito was injured, that Brito elected to enroll in the plan as amended, and that he signed a second waiver in February 1993. While these facts may be relevant to Intex's ratification argument, they do not bear on the validity of the waiver because Brito was injured prior to the signing of the second waiver.

INC. (THE COMPANY) WILL BE A NONSUBSCRIBER UNDER THE TEXAS WORKERS' COMPENSATION ACT (THE "ACT"). UNDER SECTIONS 1 AND 4 OF THE ACT AS IN EFFECT UNTIL JANUARY 1, 1991, AND UNDER SECTIONS 3.03 AND 3.04 OF THE ACT AS IN EFFECT THEREAFTER:

(A) AN EMPLOYEE OF A NONSUBSCRIBER IS ENTITLED TO BRING LEGAL ACTION AGAINST HIS EMPLOYER, AND IF HE PREVAILS, TO RECOVER JUDGMENT AGAINST HIS EMPLOYER, FOR ANY DAMAGES SUSTAINED BY REASON OF ANY PERSONAL INJURY RECEIVED IN THE COURSE OF HIS EMPLOYMENT, OR BY REASON OF DEATH RESULTING FROM SUCH INJURY;

(B) IN SUCH AN ACTION, IT IS NOT A DEFENSE THAT THE EMPLOYEE WAS GUILTY OF CONTRIBUTORY NEGLIGENCE, THAT THE INJURY OR DEATH WAS CAUSED BY THE NEGLIGENCE OF A FELLOW EMPLOYEE, OR THAT THE EMPLOYEE HAD ASSUMED THE RISK OF INJURY OR DEATH;

(C) THE EMPLOYER MAY DEFEND SUCH AN ACTION ON THE GROUND THAT THE INJURY WAS CAUSED BY THE WILLFUL INTENTIONAL ACT OF THE EMPLOYEE TO BRING ABOUT THE INJURY, OR WAS SO CAUSED WHILE THE EMPLOYEE WAS IN A STATE OF INTOXICATION; AND

(D) IN ANY SUCH ACTION THE EMPLOYEE, IN ORDER TO RECOVER, MUST PROVE NEGLIGENCE OF THE EMPLOYER OR SOME AGENT OR SERVANT OF THE EMPLOYER ACTING WITHIN THE GENERAL SCOPE OF HIS EMPLOYMENT.

.    .    .    .    .

3. IN CONSIDERATION OF MY ELECTION TO ENROLL IN, AND THUS BECOME ELIGIBLE TO RECEIVE BENEFITS UNDER, THE PLAN I HEREBY WAIVE MY RIGHTS UNDER [THE ACT], ANY OTHER STATUTE, OR COMMON LAW TO BRING LEGAL ACTION AND RECOVER JUDGMENT AGAINST THE COMPANY, AND/OR ITS DIRECTORS, OFFICERS, AGENTS AND EMPLOYEES, FOR ANY DAMAGES SUSTAINED BY REASON OR ANY PERSONAL INJURY RECEIVED IN THE COURSE OF MY EMPLOYMENT BY THE COMPANY, OR BY REASON OF DEATH RESULTING FROM SUCH INJURY. BY ELECTING TO ENROLL IN THE PLAN, I AGREE THAT BENEFITS PAYABLE UNDER THE PLAN SHALL BE THE EXCLUSIVE REMEDY FOR ME OR MY LEGAL BENEFICIARIES ARRIVING FROM SUCH ANY PERSONAL INJURY OR DEATH.

*Id.*

(4) Brito reported to Intex that on or about September 19, 1992, he sustained an on the job injury. Materials, Exhibit "1" at 3.

The court concludes that, by his execution of the waiver on August 25, 1992, Brito waived his right to recover for the causes of action he presently asserts. The waiver constitutes a condition contained in an employee benefit plan, as defined by the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. §§ 1001–1461 (1985). Nevertheless, because Brito's negligence and gross negligence claims do not "relate to," and are thus not preempted by, ERISA, the operation of the waiver upon such claims is to be determined under Texas law principles. *See Texas Health Enterprises v. Reece,* 44 F.3d 243, 244–45 (5th Cir.1994); *see also Hook v. Morrison Milling Co.,* 38 F.3d 776, 779 n. 4 (5th Cir.1994).

Under Texas law, the elements Intex's waiver defense are: (1) the existence of a right held by the waiving party; (2) knowledge, actual or constructive, by that party of its existence; and (3) an actual intent by that party to relinquish the right, which can be inferred from conduct. *Vessels v. Anschutz Corp.,* 823 S.W.2d 762, 765 (Tex.App.—Texarkana 1992, writ denied); *FDIC v. Attayi,* 745 S.W.2d 939, 946 (Tex.App.—Houston [1st Dist.] 1988, no writ). The court finds that Intex has established by uncontroverted evidence the elements of waiver, that is, that

Brito had, as an employee of a nonsubscriber under the Act, the right to assert causes of action under the common law against Intex for job related injuries, he received notice of that right by the first paragraph of the waiver, and he voluntarily signed the waiver, thus inferring an actual intent to waive that right.

Brito cites two cases for the proposition that a waiver of the right to seek statutory or common law remedies for personal injuries suffered on the job is not enforceable: *Texas Health Enterprises v. Kirkgard*, 882 S.W.2d 630 (Tex.App.—Beaumont 1994, writ requested) and *Hazelwood v. Mandrell Indus. Co., Ltd.*, 596 S.W.2d 204 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Brito's reliance on them is misplaced. The statement of the court in *Texas Health Enterprises*, that an employment agreement that limited a nonsubscriber's liability for job related injuries is void, 882 S.W.2d at 634, was not only dictum, but is inapplicable to the instant action because there is no summary judgment evidence that Brito entered into an employment agreement limiting Intex's liability. Similarly, the *Hazelwood* court held that an employment contract is void where it limits a nonsubscribing employer's liability while concurrently preserving the common law defenses waived by the Act for such employers. *Hazelwood*, 596 S.W.2d at 206. Again, the evidence establishes that the waiver was not part of any agreement controlling Brito's employment. Accordingly, the holding in *Hazelwood* is inapplicable as well. The distinction between an employment contract that requires a prospective employee, as a condition to receipt or retention of employment, to agree to limit the employer's liability, on one hand, and a voluntary occupational insurance plan, in which the employee has the option to enroll in consideration for agreeing that such plan constitutes the exclusive remedy for job related injuries, on the other, is decisive.[4]

■ The court further concludes that Tex. Lab.Code.Ann. § 406.035, rendering void an agreement by an employee to waive his right to compensation, does not render the waiver void. Tex.Lab.Code.Ann. § 406.035 (Vernon 1994). The "compensation" to which such statute refers is defined by the Act as "payment" of a medical, income, death, or burial "benefit" based on a "compensable injury," which, in turn, is defined as "an injury that arises out of and in the course and scope of employment for which compensation is payable" under the Act. Tex.Lab.Code.Ann. § 401.011(5), (10), (11) (Vernon 1994). As Intex is a nonsubscriber under the Act, Brito had no right to receive "compensation," as that term is used in Tex.Lab.Code.Ann. § 406.035. Therefore, his execution of the waiver did not affect such a right.

■ Brito's affidavit testimony that he did not understand the "meaning and consequences" of the waiver, Response, Exhibit "A," is insufficient to create a fact issue relative to the validity of the waiver. Brito acknowledged, in the document he signed, that he "knowingly and voluntarily" entered into the agreement, and that he fully understood the meaning and effect of his action in executing it. Materials, Exhibit "1C". Absent fraud, duress, or mental incompetence, a party who intentionally signs a document is bound by its contents. *See, e.g., Donovan v. Mercer*, 747 F.2d 304, 308, n. 4 (5th Cir.1984). There is no summary judgment evidence that Brito was caused to sign the waiver by any of those things.

Inasmuch as the court finds that Brito's claims against Intex are barred by the waiver as a matter of law, there is no need to

---

4. An employee of Intex has a choice of whether to enroll in the plan. His employment status is unaffected by the choice he makes. If he enrolls, he is relieved of the burden he otherwise would have of proving Intex's negligence, or the absence of his own negligence, to recover benefits for job related injuries; and, in consideration for that right, the employee agrees to waive his right to recover under a statute or common law. Should he choose to not enroll, he would continue to have all rights available under Texas law to

bring an action against a nonsubscribing employer to recover for loss resulting from an on-the-job injury, including the right to not have to overcome the employer's common law defenses should such an action be brought. Tex.Lab.Code Ann. § 406.033 (Vernon 1994). Accordingly, the main purpose of the Act, to protect and benefit the employee, is not contravened by the existence of the plan and its concomitant waiver. *See Hazelwood*, 596 S.W.2d at 206.

address Intex's ratification and estoppel arguments.

## V.

### *Order*

Therefore,

The court ORDERS that Intex's motion for summary judgment be, and is hereby, granted, and that all claims or causes of action by Brito against Intex be, and are hereby dismissed.

The court finds that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of the claims of Brito against Intex.