**VANLINER INSURANCE COMPANY,**
Appellant,

v.

**Vernon D. WARD, Appellee.**

No. 06–95–00079–CV.

Court of Appeals of Texas,
Texarkana.

Submitted and Decided May 9, 1996.

---

**30**

Michael Ace, Grainger, Howard, Davis, Ace, Tyler, for appellant.

Mary Ward, pro se, Atlanta, for appellee.

1. Ward, who is pro se, did not file a brief and did not argue on appeal. He was also unable to appear at trial because of his injury and was not represented by counsel. His wife testified at the trial on his behalf.

2. The first notice read that
    [From the] [i]nitial investigation it appears that the claimant suffered a heart attack which may or may not be related to an on the job injury. We are presently investigating this heart attack and as the claimant is in Minnesota we are attempting to secure his statement and determine the facts surrounding this occurrence.

Before CORNELIUS, C.J., and GRANT, J.

## OPINION

GRANT, Justice.

Vanliner Insurance Company, the appellant in this case, filed suit in district court seeking review of a final decision of a Texas Workers' Compensation Commission Appeals Panel wherein damages were assessed against it in favor of Vernon D. Ward, the appellee in this case.[1] The trial court ruled in favor of Ward, and Vanliner appeals.

Vernon D. Ward, a long-haul truck driver for DeBoers, Inc., suffered a cerebrovascular accident (stroke) on January 2, 1991, as he was operating a motor vehicle for DeBoers. Vanliner Insurance Company, DeBoers' workers' compensation carrier, received notice of Ward's injury on January 17, 1991.

On January 24, 1991, Vanliner filed a notice of controversion.[2] This notice, however, was filed on a form that was not correct under the law at the time. On April 25, 1991, Vanliner notified the Texas Workers' Compensation Commission that it had used an old form and attached a new disputed claim form.[3] Vanliner amended this claim on May 27, 1992.[4]

After the Texas Workers' Compensation Commission conducted a benefit review conference and a contested hearing, a hearing officer concluded that, although Ward had not proven a compensable injury, Vanliner had waived the right to contest compensability. Accordingly, the Commission ordered Vanliner to begin making payments to Ward.

A Texas Workers' Compensation Commission Appeals Panel affirmed the decision,

3. The second notice stated that "[w]e are attaching previous controversion filed noting that claimant suffered a heart attack. It does not appear that the heart attack was caused by a specific trauma. We are still awaiting medical records for clarification on this matter."

4. The amended second notice read that "[t]he claimant was not injured on the job. Any disability or impairment was solely caused by nonoccupational conditions."

holding that Vanliner had not properly contested compensability as was required by the Texas Labor Code.

Vanliner appealed this decision to the Cass County District Court. The Cass County District Court held a bench trial on March 23, 1995, and rendered judgment against Vanliner on May 3, 1995. Vanliner appeals this decision.

By two points of error, Vanliner contends that the trial court erred in rendering judgment for Ward because there was no evidence, or alternatively, insufficient evidence, to show that Ward sustained a compensable injury and that the trial court erred in concluding that it waived any right to contest compensability by failing to timely contest such.

■ In reviewing a no evidence point, we consider only the evidence and inferences that tend to support the finding, disregarding all evidence and inferences to the contrary. *Weirich v. Weirich*, 833 S.W.2d 942, 945 (Tex.1992); *Havner v. E–Z Mart Stores, Inc.*, 825 S.W.2d 456, 458 (Tex.1992); *E–Z Mart Stores, Inc. v. Hale*, 883 S.W.2d 695, 699 (Tex.App.—Texarkana 1994, writ denied). If there is any probative evidence to support the finding, it must be upheld. *Southern States Transp., Inc. v. State*, 774 S.W.2d 639, 640 (Tex.1989); *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987) (stating that if there is "more than a scintilla of evidence" to support the finding, a no evidence point fails); *In re King's Estate*, 150 Tex. 662, 664, 244 S.W.2d 660, 661 (1951).

■ In reviewing a factual sufficiency challenge, we must examine all of the evidence presented at trial and may set aside the finding only when it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate*, 244 S.W.2d at 661; *Wal–Mart Stores, Inc. v. Berry*, 833 S.W.2d 587, 590 (Tex. App.—Texarkana 1992, writ denied).

The workers' compensation statutes provide that in a review by a district court of a final decision of a commission appeals panel regarding compensability, eligibility, death benefits, or income benefits, the party appealing a decision of an appeals panel has the burden of proof by a preponderance of the evidence. TEX.LAB.CODE ANN. § 410.303 (Vernon 1996). In a review regarding issues other than compensability, eligibility, death benefits, or income benefits, the trial court reviews the commission appeals panel's decision under a substantial evidence rule. TEX. LAB.CODE ANN. § 410.255 (Vernon 1996); *Texas Workers' Compensation Commission v. Garcia*, 893 S.W.2d 504, 529–30 (Tex.1995).

A review is limited to those issues decided by the appeals panel. TEX.LAB.CODE ANN. § 410.302 (Vernon 1996). The Code further provides that the reviewing court "shall consider the decision of the commission appeals panel." TEX.LAB.CODE ANN. § 410.304 (Vernon 1996).

■ An insurance carrier is not generally liable under the workers' compensation statutes unless a claimant shows that his or her injuries were sustained in the course of his or her employment. TEX.LAB.CODE ANN. § 406.031(a)(2) (Vernon 1996); *Deatherage v. International Ins. Co.*, 615 S.W.2d 181, 181–82 (Tex.1981); *Villanueva v. Astroworld, Inc.*, 866 S.W.2d 690, 693 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *Dallas Independent School Dist. v. Porter*, 759 S.W.2d 454, 455 (Tex.App.—Dallas 1988, writ denied). In the present case, however, both the appeals panel and the district court concluded that, although Ward has never proven that he sustained a compensable injury in the course and scope of his employment, Vanliner has waived the right to contest compensability by failing to timely contest it. Thus, as an uncontested issue, Ward was not procedurally required to offer proof on this element of his case. Vanliner contends that this finding by the trial court was error because it timely contested compensability.

The Texas Labor Code mandates that a workers' compensation insurance carrier shall initiate promptly compensation under the Act. TEX.LAB.CODE ANN. § 409.021(a) (Vernon 1996) (stating that the carrier may either begin payment or provide written notification of its refusal within seven days of receiving written notice of the employee's injury). The Code further states that a car-

rier's notification of refusal to pay benefits under the above statute must specify the grounds for such a refusal and the specified grounds "constitute the only basis for the insurance carrier's defense on the issue of compensability in a subsequent proceeding, unless the defense is based on newly discovered evidence that could not reasonably have been discovered at an earlier date." TEX. LAB.CODE ANN. § 409.022(a), (b) (Vernon 1996).

In the present case, Vanliner received notice of Ward's injury on January 17, 1991. Vanliner filed its notice of controversion seven days later. This notice stated that

> [from the] [i]nitial investigation it appears that the claimant suffered a heart attack which may or may not be related to an on the job injury. We are presently investigating this heart attack and as the claimant is in Minnesota we are attempting to secure his statement and determine the facts surrounding this occurrence.

The appeals panel concluded that this notice did not suffice because it was not a full and complete statement of the grounds for Vanliner's refusal to begin benefit payments to Ward, *citing* 28 TEX.ADMIN.CODE § 124.6(a)(9) (West 1995) (explaining that a conclusory statement such as "under investigation" or "compensability in dispute" are insufficient to satisfy the workers' compensation statutes).

The administrative rule cited by the appeals panel, however, was enacted January 30, 1991, which was six days after Vanliner filed its notice of controversion. The appeals panel recognized that the rule was enacted after Vanliner filed its notice of controversion but concluded that the rule was instructive on the meaning of Section 409.022(a).

Vanliner argues that it would be manifestly unjust to hold it to a regulation enacted after it filed its notice of controversion. Even if the above administrative rule is not considered, Vanliner has failed to comply with Section 409.022(a) because it specified no grounds for denying coverage. Moreover, the subsequent notices, which were filed after the seven-day deadline imposed by the Code, did not claim to be based upon newly discovered evidence that could not reason-

ably have been discovered at an earlier date, as required by the rules.

As the party appealing the judgment of the appeals panel, Vanliner had the burden of proving by the preponderance of the evidence that the appeals panel erred. TEX. LAB.CODE ANN. § 410.303. Because Vanliner refused to begin benefit payments and chose instead to contest Ward's right to benefits, it is limited to the grounds listed in the notification of refusal filed within the seven-day period required by the Labor Code. TEX. LAB.CODE ANN. § 409.022(a), (b).

A Texas Workers' Compensation Commission Appeals Panel has previously held that "magic words are not necessary to contest the compensability of injury." Appeal No. 93326, 1993 WL 212294 (June 10, 1993). An appeals panel has further provided, however, that when a carrier gave no medical grounds to support its refusal to begin payments, a statement such as "compensability will be determined following further investigation" to be inadequate under the Labor Code. Appeal No. 92468, 1992 WL 324428 (October 9, 1992); *see also* Appeal No. 931131, 1994 WL 40783 (January 26, 1994).

In the present case, the only ground specified in Vanliner's notification of refusal to pay benefits was that Ward had suffered a heart attack, which may not have been job related. In fact, Ward suffered a stroke. Because Vanliner is limited to the heart attack ground, it has waived any right to contest the compensability of Ward's stroke.

Because there was some probative evidence to support the finding of the appeals panel that Vanliner waived its right to contest compensability, Vanliner's no evidence challenge fails. The trial court was required by the Code to consider the decision of the appeals panel in this case and that decision alone would constitute some evidence. Moreover, because the evidence supporting this finding is not so weak as to render the finding unjust, Vanliner's factual insufficiency point fails. Accordingly, these points of error are overruled.

■ In a third point of error, Vanliner contends that the trial court erred in con-

cluding that there was sufficient evidence to support the Commission's findings that Vanliner had failed to contest compensability because Ward presented no evidence, or alternatively, insufficient evidence to support this issue. The Texas Workers' Compensation Code, however, provides that Vanliner had the burden of proof on any issue appealed. TEX.LAB.CODE ANN. § 410.303. Therefore, Ward was not required to present any evidence on this issue. This point of error is overruled.

The judgment of the trial court is affirmed.