COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

PABLO RAMIREZ,                                              )

                                                                              )              
No.  08-02-00266-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )            
County Court at Law #7

SENTRY INSURANCE MUTUAL                      )

COMPANY,                                                         )           
of El Paso County, Texas

                                                                              )

Appellee.                           )                 
(TC# 2000-3678)

                                                                              )

 

 

MEMORANDUM   OPINION

 

Appellant, Pablo
Ramirez, appeals from a judgment on the verdict in favor of Appellee, Sentry
Insurance Mutual Company.  On review,
Appellant raises three issues.  We will
affirm. 

BACKGROUND

On December 9,
1999, Appellant was employed by Tropical Sportswear International/ Savane
International Corporation as a garment factory worker.  While removing a bundle of garments from a
conveyor belt and placing them in a box, he injured his right shoulder.  Appellant filed timely notice of the injury
with the company and also filed a claim for benefits with the Texas Workers= Compensation Commission (TWCC).  








In a contested
case hearing, a TWCC hearings officer found Appellant had a disability
resulting from a compensable injury under the Texas Workers= Compensation Act.  Sentry Insurance Mutual Co., the workers= compensation insurance carrier for
Savane International Corporation, appealed the decision to the TWCC appeals
panel.  On September 27, 2000, the TWCC
appeals panel rendered a final decision in the matter, finding that Mr. Ramirez
failed to prove that he had an inability to obtain and retain employment
equivalent to his pre-injury average weekly wage due to his compensable
injury.  Appellant then filed suit
against Sentry Insurance Mutual Co., seeking judicial review of the TWCC=s final decision.  See Tex.Lab.Code
Ann. ''
410.251-410.308 (Vernon 1996).

Trial was had
before a jury, which upheld the decision of the TWCC against
Mr. Ramirez.  Appellant then timely
filed notice of the instant appeal. 
Appellant now raises three issues on appeal for our review:  (1) whether the jury verdict that Appellant=s disability did not result from the
work-related shoulder injury was not supported by legally sufficient evidence;
(2) whether the trial court abused its discretion in admitting evidence of
other health conditions; (3) whether the trial court abused its discretion by
refusing to instruct the jury that disability may result from more than one
injury or condition.

DISCUSSION








With his first
issue, Appellant argues the jury verdict concluding that Appellant=s disability did not result from the
work-related shoulder injury was not supported by legally sufficient evidence.[1]  Appellant contends there is no evidence of
probative force to support the jury=s
verdict.  To support this view, Appellant
points out that Appellee presented no evidence to refute disability or
establish that Appellant was able to work.

Legal
Sufficiency

When an appellant
is attacking the legal sufficiency of an adverse answer to a finding on which
the party had the burden of proof, the appellant must, as a matter of law,
overcome two hurdles.  See Victoria
Bank & Trust Co. v. Brady, 811 S.W.2d 931, 940 (Tex. 1991); Pacific
Employers Insurance Co. v. Dayton, 958 S.W.2d 452, 455 (Tex.App.--Fort
Worth 1997, pet. denied).  First, we must
examine the record for evidence that supports the finding, while ignoring all
evidence to the contrary.  Dayton,
958 S.W.2d at 455.  If there is any
probative evidence to support the jury=s
finding, it must be upheld.  Southern
States Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989); Vanliner
Insurance Co. v. Ward, 923 S.W.2d 29, 31 (Tex.App.--Texarkana 1996, no
pet.).  Second, if we find no evidence to
support the fact finder=s
answer, then the entire record must be examined to see if the contrary
proposition is established as a matter of law. 
Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); Dayton,
958 S.W.2d at 455.

Burden
of Proof 

In a trial court=s review of a final decision of the
TWCC regarding benefits under the Act, the party appealing the decision has the
burden of proof by a preponderance of the evidence.  Tex.Lab.Code
Ann. ' 410.303;
Ward, 923 S.W.2d at 31. 
Therefore, in this case, Appellant had the burden of proof regarding his
disability.  Id.  Appellee was not required to present
independent evidence of any kind.








During trial,
Appellant=s medical
records were entered into evidence. 
These records indicated Appellant had been treated for approximately
fifteen different health problems not related to the work-related injury.[2]  In fact, Appellant=s
own testimony indicated he was unable to receive treatment for his shoulder
because of his other health problems. 
Also entered into evidence was a letter from one of Appellant=s doctors stating in part, APatient has multiple health
problems which keep him from engaging in any gainful employment.@[3]  [Emphasis added].  Most of the medical evidence reviewed by the
jury related solely to Appellant=s
many other health problems rather than the torn rotator cuff in his right
shoulder.

If there is more
than a scintilla of evidence to support the jury=s
finding, it will be upheld on appeal.  Stafford
v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987); Ward, 923 S.W.2d at
31.  Here, there was evidence to support
the jury=s finding
that Appellant did not have a disability resulting from his shoulder injury
which prevented him from working.  The
record included evidence indicating Appellant was unable to work due to his
other unrelated health conditions. 
Accordingly, we uphold the jury=s
finding.  Southern States Transp.,
Inc., 774 S.W.2d at 640; Ward, 923 S.W.2d at 31.  Appellant=s
first issue is overruled.

Evidence
of Other Health Conditions








Appellant=s second issue relates to the trial
court=s
decision to allow evidence of Mr. Ramirez=s
other health conditions to come before the jury.  He argues the trial court abused its
discretion in admitting such evidence. 
The complained of evidence came in the form of medical records and Appellant=s own testimony.  The medical records evidence of which
Appellant complains was offered by Appellant=s
own counsel.  

The admission or
exclusion of evidence at trial is a matter within the trial court's discretion.  Hill v. Heritage Resources, Inc., 964
S.W.2d 89, 136 (Tex.App.--El Paso 1997, pet. denied); Dudley v. Humana Hosp.
Corp., 817 S.W.2d 124, 126 (Tex.App.--Houston [14th Dist.] 1991, no
writ).  In order to reverse a judgment
based upon a trial court=s
decision to admit or exclude evidence, an appellant must show:  (1) that the trial court abused its
discretion in making the decision; and (2) that the error was reasonably
calculated to cause and probably did cause rendition of an improper
judgment.  Gee v. Liberty Mut. Fire
Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989); Hill, 964 S.W.2d at
136.  In determining the second prong of
this test, a reviewing court must consider the case as a whole.  Lorusso v. Members Mut. Ins. Co., 603
S.W.2d 818, 821 (Tex. 1980); Hill, 964 S.W.2d at 136.

Here, Appellant=s trial attorney offered into evidence
all of the medical records that were before the jury.  Appellant himself testified to both his
shoulder injury and all of his other health problems.  Appellant did not request a limiting
instruction with regard to the medical records. 
We note that evidence admitted without limitation is before the court
for all purposes.  Owens-Corning
Fiberglas Corp. v. Keeton, 922 S.W.2d 658, 660 (Tex.App.--Austin 1996, pet.
denied).  Appellant could have sought a
limiting instruction or simply admitted only portions of the medical
records.  See Tex.R.Evid. 105(a); Larson v. Cactus
Utility Co., 730 S.W.2d 640, 642 (Tex. 1987).  Appellant cannot complain on appeal of
evidence he himself offered to the court in the absence of a limiting
request.  Id.  This argument is effectively waived.  Id. 
No abuse of discretion is found. 
Appellant=s second
issue on review is overruled.

 








Jury
Charge

With his third
issue, Appellant asserts the trial court abused its discretion by refusing to
instruct the jury that Adisability
may result from more than one injury or condition.@
 A trial court has considerable
discretion in determining the necessary and proper jury instructions.  Texas Workers= Compensation Insurance Fund v.
Mandlbauer, 34 S.W.3d 909, 911 (Tex. 2000); Southwest Airlines Co. v.
Jaeger, 867 S.W.2d 824, 832 (Tex.App.--El Paso 1993, writ denied).  When a trial court refuses to submit a
requested instruction, the issue on appeal is whether the request was
reasonably necessary to enable the jury to render a proper verdict.  Mandlbauer, 34 S.W.3d at 912.  A proper instruction must:  (1) assist the jury; (2) accurately state the
law; and (3) find support in the pleadings and the evidence.  Id.

At the charge
conference,  Appellant requested the
following definition be included in the jury charge:

>PRODUCING
CAUSE= means an
efficient, exciting, or contributing cause from an injury or condition, which
in natural sequence, produces incapacity and with out which such incapacity
would not have occurred when it did. 
There may be more than one producing cause of incapacity.

 

He also requested the following
question be submitted to the jury:

Do you find from a preponderance of the
evidence that Pablo Ramirez=
compensable injury was a producing cause of his disability from December 10,
1999 to the present?

 

Appellee objected to the inclusion
of the definition and the submission of the question to the jury on the basis
that Appellant had used the terms Aresulting
from@ in his
pleadings and the case had been tried on that basis.  Appellant later proposed an alternative
instruction:

You are instructed that disability may
result from more than one injury or condition.








Appellee maintained that they did
not rely upon a sole cause defense and Appellant did not try the case on a
producing cause theory.  Therefore, they
argued the proposed instruction was inappropriate.  The trial court rejected all three
requests.  

Having reviewed
the pleadings, evidence, and jury charge in full, we are unable to conclude
that Appellant successfully plead and tried this case under a Aproducing cause theory.@[4]  Moreover, there is little authority to guide
this Court or the trial court below in a determination of the proper
instruction under the new Texas Workers=
Compensation Act.  Accordingly, we cannot
say that the trial court abused its authority in rejecting Appellant=s requested instructions and
questions.  Mandlbauer, 34 S.W.3d
at 911-12.  Appellant=s third appellate issue is overruled. 

For the reasons
stated above, we affirm the judgment of the trial court.  

 

 

 

August
26, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.











[1]
The jury was asked the following question: 
ADo you
find from a preponderance of the evidence that Pablo Ramirez has a disability
resulting from the compensable injury of December 9, 1999?@ 
They answered in the negative.

 





[2]
The record indicates Appellant was treated for and/or diagnosed with a number
of medical problems, including the following ailments:  pneumonia, chronic obstructive pulmonary
disease, hypertension, sleep apnea, swelling of the ankles, lung defects, and
problems with his hip and with his liver.





[3]
This letter was dated November 27, 2000, and signed by Dr. Michael H. Annabi





[4]
Neither the opening nor closing statements of the attorneys are before us on
appeal.