## DUNCAN COFFEE CO. v. CHILES.

### No. 10935.

Court of Civil Appeals of Texas. Galveston.

Feb. 8, 1940.

Samuel H. Peak, of Houston, for appellant.

L. H. Engelking, of Austin, for appellee.

CODY, Justice.

This suit was instituted by appellant against appellee, J. C. Chiles, as principal, and the remaining appellees as sureties on a bond alleged to have been given to cover the value of merchandise (and its proceeds) alleged to have been delivered by appellant to Chiles under a written consignment agreement executed on August 31, 1935, between the date of said written agreement and the end of January, 1938; and appellant alleged that Chiles failed to account for a portion of said merchandise, and was short in his account with appellant in the sum of (about) $2,600. Appellant sued to recover from Chiles and his sureties for the face of the bond in the sum of $1,500 plus, together with reasonable attorney's fees, alleged to be $500; and to recover from Chiles individually the excess of the alleged shortage over and above the amount of the bond sued on.

Appellee Chiles, in addition to answering by general demurrer and general denial, and by special exceptions, brought a cross-action against appellant for certain specified deductions alleged to have been made by appellant each month from the account of said Chiles through 1936 and 1937, which amounts were twenty-five per cent of the advertising costs of appellant in the territory under said Chiles, and which amounts totalled $2,334.51, and appellee Chiles alleged said deductions were illegally and unlawfully made without his consent and without any agreement to that effect. And that he never authorized any charges to be made against his account for advertising. Chiles also sued for commissions alleged to have been earned in January, 1938, in the sum of $400.

To Chiles' cross-action appellant answered with a general demurrer and general denial, and by special answer alleged that when the relationship between Chiles and appellant was first established, whereby Chiles handled appellant's merchandise under the written contract, that the compensation consisted of a straight salary paid to Chiles without any deductions there against, but in January, 1936, Chiles upon his own request was changed from a salary to a commission basis; and that Chiles agreed that from his gross commissions there would be deducted 25% of all telephone, telegraph and advertising expense originating in his territory from which it was considered the business in his territory received a benefit; that Chiles fully understood this arrangement and expressly agreed to it; that such arrangement was fully explained to him and agreed to and accepted by him without complaint or question at any time prior to the filing of the cross-action by Chiles; that said arrangement was the custom, and practice of appellant in connection with compensation on a commission basis, as was known to Chiles, who knew, understood and agreed that appellant should rely on such arrangement,

and that if Chiles had not accepted said arrangement he would not have been placed on a commission basis, which was well known to Chiles; and that thereafter the deductions of 25% were made every month without any complaint on the part of Chiles, thereby inducing the continuance of such relationship; wherefore, Chiles ratified and both expressly and impliedly accepted and agreed to such deductions and manner of compensation and is estopped to deny such acceptance.

The proof showed that every month for about two years the deduction of 25% for advertising was made each and every month, and that the parties at various times accounted with each other and on those occasions it was agreed between the parties that Chiles was indebted to appellant in a substantial sum. For Chiles to have been so indebted to appellant, as so found and agreed, the parties necessarily took into account such deductions as having been properly made. And on none of these occasions did Chiles assert any claim against the right of appellant to make such deductions; and his agreement that he was indebted to appellant after these various accountings had between the parties was evidently based on the said deductions being proper, and Chiles frankly admitted that he understood all about such deductions being made from the compensation of men who were on a commission basis.

The case was submitted to the jury on special issues.

Special issue No. 1 asked of the jury if Chiles agreed with appellant that appellant should deduct 25% of the total amount spent by appellant in his territory for advertising, from his gross commissions each month. The jury was instructed that an agreement "means the mutual expression of assent by the parties thereto to the terms thereof."

Appellant objected to the definition because it was not broad enough to cover the legal significance of "agreement" and implied a specific or written agreement, and that there was no evidence or pleading that an agreement in the ordinary sense was had, and because Chiles himself testified without contradiction that he knew and understood that certain advertising deductions would be made.

The jury answered the issue in the negative.

Appellee contends that there was no issue made by the pleadings in this case of any implied agreement. And in support of his contention states that appellant pleads solely an express agreement by Chiles for the deductions to be made from gross commissions to be paid him. And appellee relies on Morton Salt Co. v. Lybrand, Tex.Civ.App., 292 S.W. 264, 265, "The statute in regard to the submission of special issues authorizes a submission only when 'raised by the pleadings and the evidence,' in other words, to justify its submission, the issue must be raised by both pleadings and evidence; if raised by the pleadings and not by the evidence, or vice versa, it should not be submitted. However, if erroneously submitted, the jury's answer should be ignored by the court, for (article 2211 (1994-5-7) Rev.St.1925) the judgment must conform to the pleadings, the nature of the case proved (the evidence), and the verdict of the jury, which necessarily comprehends a verdict based on an authorized submission, under article 2189." As it is evident that the parties have treated the definition of "agreement" here used as being a formal and express agreement, we will have to reverse the judgment of the lower court. Even the pleadings of Chiles, to which appellant pled a general denial, was broad enough to authorize the submission of the issue of whether or not the compensation of Chiles should, under the understanding and consent of Chiles, have deducted therefrom the 25% referred to. The pleadings of appellant were multifarious and prolix but when studied will be found to be broad enough to admit proof of an agreement and understanding of the parties implied from their course of dealing to the effect that there should be certain deductions made from the gross commissions earned by Chiles. Such pleadings being broad enough to admit such proof, they were broad enough to warrant the submission of an issue which such proof tended to prove.

The term "agreed" or "agreement" is broad enough in meaning to include the conception of a meeting of the minds of parties as implied from and evidenced by their conduct and course of dealing; and under the pleadings and proof the court should have enlarged his definition of the term, for the proof of an agreement between the parties, implied from their course of dealing, was such that the jury could

have found such an agreement did exist between the parties as appellant claimed.

For the error here discussed, the judgment of the trial court is reversed and remanded.

Reversed and remanded.