**STONE COMPANY, INC., Appellant,**

**v.**

**P. A. CARMINATI, Appellee.**

No. 15937.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 17, 1958.

Witts, Geary, Hamilton & Brice, and Jim K. Choate, Dallas, for appellant.

T. B. Coffield, Bowie, for appellee.

BOYD, Justice.

Stone Company, Inc., sued P. A. Carminati to recover for materials furnished and labor expended in repairing an air-conditioning unit. A trial to the court resulted in a judgment for Carminati. Stone Company, Inc., appeals.

According to appellant's allegations, it sold to appellee in the ordinary course of business certain items of goods, wares, and merchandise, which were installed by appellant in appellee's air-conditioning unit and which items were of the total value of $364.25; the labor of installing the items was of the value of $67.50; appellee agreed to pay the prices and charges as set out; in the alternative, if appellee did not specifically agree to pay the prices charged, he did agree to pay the usual and customary prices; the prices charged were the usual and customary prices, and they were reasonable. Appellant attached to its petition a sworn and itemized account in accordance with Rule 185, Texas Rules of Civil Procedure.

Appellee filed a verified denial of the account under the Rule, and further pleaded that he purchased from appellant "and its Agent" an air-conditioning unit; before the purchase he discussed the matter with appellant; appellant's representative told appellee that the unit was warranted to give good service for five years, and appellant would see that the unit was correctly installed; the first summer after the installation the unit did not perform properly, and early in the second summer "something burned out" and the unit would not work at all; appellee informed appellant of the failure of the unit and that he expected appellant to restore it to operation; appellant's representative came to appellee's house and made some changes in the installation and otherwise repaired the unit and placed it in working order; appellee did not order or purchase any item listed in appellant's account and did not agree to pay for any item of merchandise or any labor; he expected appellant to make the repairs under its warranty.

Separate findings of fact and conclusions of law were not requested and were not filed.

Appellant's contentions are that there was no proof of warranty or misrepresentation on its part, and that the undisputed evidence shows that appellee asked for, received, and retained the goods and services of appellant.

According to appellee's testimony, he went to the place of business of a Mr. Lindsey in Gainesville to get a Westinghouse air-conditioning unit; Lindsey did not have the unit in stock, and told appellee to go to appellant's place in Dallas and there examine the unit; appellant was a Westinghouse distributor; appellee went to Dallas and appellant's representative showed him the unit and took him to several houses where appellant had installed similar units and appellee saw them in operation; Lindsey had previously taken the plans and specifications to appellant and "came back with a blue-print of that"; appellant's representative told appellee that the unit had a five year warranty; "Q. Did he tell you what they did? A. They just took care of it for five years. * * * I told him, and he knew about it, too, that I was buying this through Mr. Lindsey, and Mr. Lindsey was a new man, just taken this on, taken this agency on. * * * And that the reason I was down there looking at this was because Mr. Lindsey didn't have a display of them to show me, and I asked them if they would send a

man up here with Mr. Lindsey and see it was properly installed. Q. What did he tell you? A. Yes, sir, he would. Q. Did he do that? A. No, sir"; appellee knew that appellant was furnishing the unit to Lindsey; the unit burned out early in the second summer and appellee went to appellant to "see about it"; Lindsey went with him; he did not ask about the cost of the repairs, and was told nothing about it; he was not asked to agree to pay for anything, and he did not agree to pay for anything; he insisted that appellant come and see about the unit; he did not ask what it would cost; he asked appellant "to take care of the unit, to stand behind their work"; while he was in appellant's office after the unit burned out he was told that he had only a one year warranty; "I told them as far as I knew I had a five year warranty"; appellant's serviceman repaired the unit; he did not ask appellee to pay anything; appellee understood that the man was sent to his place "for the purpose of standing behind their work and their material"; when appellee went to appellant's office "to see about this bill" he was told that appellant did not have anything charged to him and that appellant was looking to Lindsey for payment; "He just said they sold that unit to Mr. Lindsey and they were looking to him for it"; appellee relied upon appellant's promise to send a man to see that the unit was properly installed, and he would not have bought it if they had not promised to do so.

Appellant's serviceman who repaired the mechanism testified that a safety device on the compressor had been by-passed in the wiring, and that had the unit been correctly installed it probably would not have burned out. He said that he or any other competent man would, upon examination, have discovered that the safety device had not been used; and that had he been there when the unit was installed he would have seen that the safety device was used.

We have reached the conclusion that judgment should be affirmed.

A suit upon a sworn account, or upon quantum meruit, presupposes a contract which has been made by two parties and performed by one party, who sues the other for performance in turn of his obligations thereunder. Dyche v. Simmons, Tex.Civ.App., 264 S.W.2d 208. The basis of either claim is an agreement. Before appellant can recover it must be shown that appellee promised, either expressly or impliedly, to pay for the repairs. Appellee's testimony excludes the idea of any express promise, and the court's acceptance of his testimony is binding on us.

A contract implied in fact rests upon consent. It is to every intent and purpose an agreement between the parties. It does not arise out of an implied legal duty or obligation, but out of facts from which consent may be inferred. Consent is the essence of the transaction. City of Pella v. Fowler, 215 Iowa 90, 244 N.W. 734; Board of Highway Com'rs v. City of Bloomington, 253 Ill. 164, 97 N.E. 280.

A promise will not be inferred where the facts are inconsistent with the contract to be implied. 6 R.C.L., p. 588, sec. 6. Assuming, as we must, an implied finding in favor of appellee on every issue raised by the pleadings and evidence, the situation is simply this: appellee thought he had a five year warranty, and he merely asked appellant to make that warranty good. He did not order any wares or merchandise, but asked appellant to make the unit operate. Nothing was said about what the repairs would cost, or whether they were to be paid for by anybody. We cannot infer a promise on the part of appellee to pay for something which he thought he was receiving as a part of appellant's warranty. The facts are inconsistent with an implied promise to pay.

The fact that appellee got the benefit of the repairs is not necessarily the controlling fact. Circumstances may sometimes justify or compel a finding that there was no implied promise and no intention

to pay for goods or labor, although requested, obtained, used, and kept, where it appears that the party making the request did so under a claim of right; and under such circumstances no promise to pay will be implied. Page on Contracts, 2d Ed., p. 2496, sec. 1461. " 'When the relations between the parties are such as to warrant the inference that the benefit was bestowed * * * by reason of any obligation, legal or moral, it becomes a question of fact * * * whether it was in reality gratuitous or upon the basis of contract.' " Saunders v. Saunders; 90 Me. 284, 38 A. 172, 174. We think this is such a case.

The judgment is affirmed.