HAWS & GARRETT GENERAL CONTRAC-
TORS, INC., Petitioner,

v.

GORBETT BROTHERS WELDING CO.,
Inc., Respondent.

No. B–3003.

Supreme Court of Texas.

May 10, 1972.

Rehearing Denied June 7, 1972.

Shannon, Gracey, Ratliff & Miller, Kleber C. Miller, Fort Worth, for petitioner.

Brown, Herman, Scott, Dean & Miles, Ardell M. Young, and J. Shelby Sharpe, Fort Worth, for respondent.

STEAKLEY, Justice.

Haws & Garrett General Contractors, Inc., petitioner sued Gorbett Brothers Welding Company, Inc., respondent, for damages to a bridge tee allegedly incurred as a result of the negligence of Gorbett Brothers. The incident occurred during the operation of two cranes and hoisting equipment which Haws & Garrett had rented from Gorbett Brothers. Gorbett Brothers alleged in defense that Haws & Garrett had contracted to indemnify Gorbett Brothers for any liability arising out of the operation of the rented equipment. Gorbett Brothers also filed a cross-action against Haws & Garrett for an alleged balance due on the rental charges. The trial court instructed a verdict that Haws & Garrett take nothing by its suit but that Gorbett Brothers recover upon its cross-action. The court of civil appeals severed the suit of Haws & Garrett from the cross-action and affirmed the judgment that Haws & Garrett take nothing; in addition, the court reversed the judgment for Gorbett Brothers in its cross-action and remanded this for trial. 471 S.W.2d 595. Both parties filed applications for writ of error. Haws & Garrett seeks a reversal of the judgment below in its negligence action, and a remand of this cause for trial, principally upon the contention that it was not shown as a matter of law that it had bound itself to a contract of indemnity. We sustain this contention. We deny the relief sought by Gorbett Brothers and thus agree with the judgment of the court of civil appeals reversing the judgment of the trial court in favor of Gorbett Brothers on its cross-action.

On the occasion in question, Haws & Garrett was a general contractor engaged in bridge construction. One of its field super-intendents, Al Neaves, telephoned the dispatcher for Gorbett Brothers to order two cranes for use on the project, with operators and oilers also furnished by Gorbett Brothers. Following the telephone call, the dispatcher prepared a printed form instrument styled a "Work Order." It contained the names of the parties, a description of the leased equipment, the location of the project site, and the date on which the equipment was to be furnished. The work order also contained this printed indemnity clause immediately above the signature lines:

"The Customer renting or leasing the equipment provided for by this Work Order agrees to be liable for all loss or damage to the equipment while the same is under his supervision or in his care. If the Owner furnishes an operator and/or oiler with said equipment, the Customer shall nevertheless be responsible for said equipment and the Customer agrees to indemnify, protect and save harmless Owner against any and all claims for damages to persons or property arising out of or connected with the operation of said equipment while the same is under Customer's supervision or in his care. Any person using Owner's material or equipment for which no charge is made by Owner assumes all risks incident to such use of said material or equipment."

The work order was carried to the site on the appointed date by one of the crane operators. After completion of the work, during which the bridge tee in question was broken, the crane operator obtained the signature on the work order of another field superintendent of Haws & Garrett, R. L. Melton. The instrument was not signed in duplicate so that the copy furnished Melton did not bear his signature. It was the view of the intermediate court that although the work order with its printed indemnity clause was not "of itself the contract of the parties," it was, nevertheless, "a reduction to writing of the undisputed terms of the contract in force at the time." The ration-

ale of the court was, and the position of Gorbett Brothers is, that, as a matter of law, the contract of indemnity upon which the defense of Gorbett Brothers rests arose out of the circumstances of the particular transaction in question in the light of prior dealings between the parties. Gorbett Brothers concedes that such would not be the case were this a first-time transaction between the parties.

Haws & Garrett contends, on the other hand, that a contract of indemnity was not established as a matter of law and that there were fact issues to be resolved. It cites Constant v. Howe, 436 S.W.2d 115 (Tex.1968) for the rule that in reviewing the instructed verdict we are required to accept as true all evidence supporting its position, and to draw all inferences in its favor. It points to the absence of any evidence of an indemnity agreement having been entered into on the occasion in question, or on any prior occasion, after discussion or negotiations involving any one authorized to act for the corporation; and to the evidence that its field personnel was authorized to do no more than order the equipment as the need arose and to receipt for its use after completion of the work.

■ It is said that the distinction between an express contract and one implied in fact is that the former arises when the contractual terms are stated by the parties; and that the latter arises from the acts and conduct of the parties, it being implied from the facts and circumstances that there was a mutual intention to contract. 13 Tex.Jur. 2d Contracts § 4 (1960); 17 Am.Jur.2d Contracts § 3 (1964); 17 C.J.S. Contracts § 4 (1963). Professor Corbin in his treatise points out, however, that contractual duty is imposed by reason of a promissory expression; and that as to this, all contracts are express contracts, the difference being in the modes of expressing assent. So he concludes that the distinction between an express and an implied contract is of little importance, if it can be said to exist at all; and that the matter that is of importance is the degree of effectiveness of the expres-

sion used. Further, that a promise implied in fact is merely a tacit promise, one that is inferred in whole or in part from expressions other than words on the part of the promissor; and that it is a question of fact whether or not in a particular case a promise should be so inferred. 1 A. Corbin, Contracts §§ 17, 18 (1963).

■ Our courts have recognized that the real difference between express contracts and those implied in fact is in the character and manner of proof required to establish them. See Allen-Morrow Co. v. Liquid Carbonic Co., 27 S.W.2d 132 (Tex. Com.App.1930, jdgmt. adopted); First Pasadena State Bank v. Marquette, 425 S.W.2d 450 (Tex.Civ.App.1968, writ ref'd n. r. e.); Miller v. Miller, 292 S.W. 917 (Tex.Civ. App.1927, writ ref'd). In each instance there must be shown the element of mutual agreement which, in the case of an implied contract, is inferred from the circumstances. Marr-Piper Co. v. Bullis, 1 S.W.2d 572 (Tex.Com.App.1928, jdgmt. adopted); Turners, Inc. v. Klaus, 341 S.W.2d 182, (Tex.Civ.App.1960, writ ref'd n. r. e.). The conception is that of a meeting of the minds of the parties as implied from and evidenced by their conduct and course of dealing, Duncan Coffee Co. v. Chiles, 136 S.W.2d 929 (Tex.Civ.App.1940, no writ), the essence of which is consent to be bound, Stone Co. Inc. v. Carminati, 317 S.W.2d 78 (Tex. Civ.App.1958, no writ). The Restatement speaks to the matter of assent as "(1) the manifestation of assent may be made wholly or partly by written or spoken words or by other acts or by a failure to act. (2) the conduct of a party is not effective as a manifestation of his assent unless he intends to engage in the conduct and knows or has reason to know that the other party may infer from his conduct that he assents." Restatement (Second) of Contracts § 21 (Tent. Draft No. 1, 1964). It is said in the Williston Treatise that " . . . The modern law rightly construes both acts and words as having the meaning which a reasonable person present would put upon them in view of the surrounding circumstances. . . . And it may be said broadly that any

**610**

conduct of one party, from which the other may reasonably draw the inference of a promise, is effective in law as such." 1 S.Williston, Contracts § 22A (1957). An inference is but a deduction which the trier of fact makes from the facts proved, the drawing of which is essentially the exercise of a fact finding function.

No more was shown here than that Haws & Garrett had leased equipment from Gorbett Brothers on prior occasions in a similarly informal manner, in connection with wihch work orders prepared by Gorbett Brothers personnel had been signed by Haws & Garrett field personnel. It was not shown that the field personnel of Haws & Garrett were authorized to agree to an indemnity obligation either when placing orders for equipment or in signing work orders after completion of the work. Nor is it shown that the indemnity clause printed on the work orders had been the subject of actual negotiations or discussions between authorized personnel of the parties at any time. The executive witness for Haws & Garrett testified that he had no knowledge of the indemnity clause printed on the face of the work order in question; that he did not know whether the records on the company reflected equipment rentals in the past in connection with which identical work orders were used by Gorbett Brothers; and that his company regarded the work orders, whatever their terms, as nothing more than receipts given to Gorbett Brothers in the field after accomplishment of the work for which the equipment was rented.

In our view, the state of the evidence in the present record falls short of establishing as a matter of law that the parties had entered into a contract of indemnity in the terms printed on the work order in question. The existence or not of such a contract rests upon the inferences which are drawn by the trier of fact from the surrounding facts and circumstances. This was precluded by the granting of the instructed verdict in favor of Gorbett Brothers in the negligence suit of Haws & Garrett.

The judgment of the court of civil appeals is set aside; the judgment of the trial court is reversed; and the cause is remanded to the trial court.