TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00124-CV






HK Partners, Inc., Appellant



v.



Power Computing Corporation, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 98-074-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







 This appeal arises from a dispute surrounding the development of commercial real
estate. Appellee Power Computing Corporation ("Power") filed a declaratory judgment action
seeking a determination of the amount it owed appellant HK Partners ("HK") for services rendered
by HK. HK counterclaimed for breach of contract, fraud, and negligent misrepresentation. The
trial court granted summary judgment in favor of Power as to HK's breach of contract and fraud
counterclaims, and severed those claims from the remaining ones to allow HK to pursue this
appeal. We will affirm the trial court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND



 The following facts are not disputed. In November 1996, Power announced plans
to build a manufacturing facility in Georgetown, Texas, and issued a "Request for Proposals"
("RFP") seeking a developer to assist with the project. In response, HK joined with several other
businesses to form a development "team" that submitted a development proposal to Power. HK's
proposal explicitly stated that neither its submission nor acceptance would create a contract. 
Power notified HK in late November that it had been selected for the project, but the parties did
not execute a formal contract detailing the terms of the development project. On December 2,
1996, representatives of Power and HK met, at which time Power instructed HK to begin
preliminary work immediately. At this meeting, HK representatives requested that Power sign
a "pre-development agreement" confirming that Power would accept responsibility for all initial
expenses until more permanent financial and contractual arrangements could be made. The parties
exchanged several drafts of a proposed pre-development agreement, but none was ever formally
executed. On December 20, 1998, less than three weeks after HK began working on the project,
Power informed HK that it had decided to change the entire approach to the project. Power
instructed HK to discontinue its efforts, to submit an invoice for the work completed to date, and
to submit a new proposal conforming with Power's new approach, which had HK playing a more
limited role than was contemplated in the original RFP. HK declined to submit a new proposal,
instead submitting an invoice for $250,000. Power refused to pay this amount, claiming it was
excessive compensation for the services actually performed by HK.

 The parties' main disagreement concerns the existence and scope of a pre-development agreement. Power states that its sole purpose was to confirm that HK was to proceed
immediately with pre-development work and that Power would, for the time being, compensate
HK on a "pay-as-you-go" basis. HK counters that the pre-development agreement also
memorializes the "broader agreement" between the parties that HK had been selected as the
owner/developer/landlord of the entire project.

 Power filed suit seeking a judgment declaring that the parties never entered into a
contract for the development of the entire project and that Power is obligated only to pay HK the
fair value of the pre-development work HK actually performed. HK counterclaimed, complaining
of breach of contract, fraud, and negligent misrepresentation, all relating to its allegation that
Power had committed to the "broader agreement." Power filed a motion for summary judgment
on HK's counterclaims. The trial court granted the motion as to the breach of contract and fraud
causes of action, ordering that HK take nothing by those claims, but denied summary judgment
as to the negligent misrepresentation cause of action. The fraud and breach of contract claims
were severed so HK could appeal the summary judgment order.

 HK presents eleven issues for appeal; however, they may be consolidated into two
basic issues: (1) whether the trial court erred in granting summary judgment on HK's breach of
contract claim because there are questions of fact as to the existence of a contract and a breach by
Power; and (2) whether the trial court erred in granting summary judgment on HK's fraud claim
because there is a question of fact as to whether Power committed fraud.


DISCUSSION



Competent Summary Judgment Evidence


 Before addressing the merits of this appeal, we turn our attention to the voluminous
summary judgment evidence HK presented to the trial court in its response and supplemental
response to Power's motion for summary judgment. Power urges this Court to disregard all
evidence that was attached to HK's responses but not specifically referenced in its responses.

 When presenting summary judgment evidence, "[a] party must expressly and
specifically identify the supporting evidence on file which it seeks to have considered by the trial
court." Boeker v. Syptak, 916 S.W.2d 59, 61 (Tex. App.--Houston [1st Dist.] 1996, no writ). 
General references to a voluminous record that do not direct the trial court or the parties to the
evidence relied on are insufficient. See Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 81 (Tex.
1989) (summary judgment motion referred trial court to all material "on file"). Attaching entire
depositions to a motion for summary judgment or a response thereto, and referencing them only
generally, "does not relieve the party's burden of pointing out to the trial court where in the
evidence the issues set forth in the motion or response are raised." Guthrie v. Suiter, 934 S.W.2d
820, 826 (Tex. App.--Houston [1st Dist.] 1996, no writ). It is not the duty of the trial court to
sift through voluminous attachments to discover potential fact issues. See id. Similarly, it is not
the duty of this Court to sift through a massive record in search of a fact issue in order to overturn
a summary judgment. See Paull v. Capital Resource Mgmt., Inc., 987 S.W.2d 214, 220-21 (Tex.
App.--Austin 1999, no pet. h.).

 Although HK attached more than 900 pages of material to its responses, including
large portions of deposition transcripts, HK made specific reference to only a small portion of this
evidence in the body of its responses. HK rarely directed the trial court to where fact issues were
raised within the attached materials. Instead, HK routinely directed the trial court to the
deposition of a particular witness without providing any page or line number references. We
believe such general references are insufficient to create competent summary judgment evidence. 
See Rogers, 772 S.W.2d at 81; Guthrie, 934 S.W.2d at 826. The trial court was therefore not
required to search each page of the unreferenced attachments to HK's responses in search of a fact
issue, and we decline to do so as well.

 Further, in its brief in this appeal, HK directs this Court to particular portions of
its summary-judgment evidence not pointed out to the trial court. We believe we are required to
consider only the evidence the trial court was required to consider, and that we should ignore
evidentiary references made to this Court that were not made to the trial court. See Nicholson,
747 S.W.2d at 4 n.1. Nonetheless, in reviewing the judgment here, we have considered both the
summary-judgment evidence specifically cited to the trial court and that cited exclusively to this
Court; we do not, however, consider the massive amount of material specifically referenced
neither to the trial court nor to this Court.


Alternative Summary Judgment Standards


 In its motion for summary judgment, Power argued that it was entitled to prevail
under Texas Rule of Civil Procedure 166a(c) or, alternatively, that it was entitled to a "no-evidence" summary judgment under Texas Rule of Civil Procedure 166a(i). See Tex. R. Civ. P.
166a(c), (i). The trial court's order did not specify whether it was based on Rule 166a(c) or Rule
166a(i). (1) We believe this situation is analogous to a summary judgment order that does not specify
the ground relied on for its ruling although the motion asserted multiple grounds. "When a trial
court's order granting summary judgment does not specify the ground or grounds relied on for its
ruling, summary judgment will be affirmed on appeal if any of the theories advanced are
meritorious." Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). Applying the logic of Carr,
we believe this Court may uphold the summary judgment in the instant appeal if Power prevails
under either Rule 166a(c) or Rule 166a(i).


"No-evidence" Summary Judgment 


 Pursuant to Texas Rule of Civil Procedure 166a(i), a party may move for summary
judgment asserting that, after adequate time for discovery, there is no evidence of one or more of
the essential elements of a claim on which the adverse party would have the burden of proof at
trial. Power asserted in its motion for summary judgment that, after an adequate time for
discovery, HK was unable to present any evidence on various essential elements of its claims for
breach of contract and fraud. (2) A no-evidence summary judgment is essentially a pretrial directed
verdict, so we must determine whether HK produced enough evidence of probative force to raise
a fact issue on each material question presented. See Jackson v. Fiesta Mart, Inc., 979 S.W.2d
68, 70 (Tex. App.--Austin 1998, no pet.). In deciding whether summary-judgment evidence
raises a genuine issue of material fact, we view as true all evidence favorable to the non-movant
and indulge every reasonable inference, and resolve all doubts, in its favor. Nixon v. Mr. Property
Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 1. Breach of Contract

 It is undisputed that the parties never executed a final written contract encompassing
the development of the entire project. HK urges this Court to find, however, that there is at least
a fact issue as to whether the parties intended to enter into an enforceable oral contract whereby
HK would be the owner/developer/landlord of the project. As evidence of this oral contract, HK
directs us to the deposition testimony of various persons and to the final draft of the unexecuted
pre-development agreement. First, HK cites this Court to deposition testimony of an HK
representative that a Power representative affirmatively agreed to sign a pre-development
agreement acknowledging that HK would be the owner/developer/landlord of the project. The
remainder of the deposition testimony cited by HK relates to Power's promises to sign the pre-development agreement actually drafted by HK, which included the following language:


 Power agrees that should HK be successful in obtaining permanent
financing for Phase I, Power shall grant to HK and the Development Team, the
exclusive right to develop and construct all future phases of the Campus, subject
only to the ability of the parties to agree on the terms, cost and schedule of such
development and construction.



This paragraph was altered by Power to read: "Power agrees it will provide HK and the
Development Team the opportunity to develop and construct all future phases of the Campus." 
HK argues that this evidence--Power's promises to sign a pre-development agreement
acknowledging HK's expansive role in the project, coupled with the promises to sign the pre-development agreement actually drafted by HK and modified by Power--at least raises a fact issue
as to whether the parties had a "meeting of the minds" as to a "broader agreement" that HK would
be the owner/developer/landlord of the entire project.

 Whether parties intended to enter into a binding contract is generally a question of
fact. See Farah v. Mafrige & Kormanik, P.C., 927 S.W.2d 663, 678 (Tex. App.--Houston [1st
Dist.] 1996, no writ). Whether a particular agreement is an enforceable contract, however, is a
question of law. See id. A contract is not enforceable unless the parties' legal obligations and
liabilities can be determined. See T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218,
221 (Tex. 1992). The material terms must be agreed upon before the contract is enforceable. See
id. The agreement must "be sufficiently definite in its terms so that a court can understand what
the promisor undertook." Id. While parties may agree on terms sufficient to create a contract and
leave other provisions for later negotiation, see Scott v. Ingle Bros. Pac., Inc., 489 S.W.2d 554,
555 (Tex. 1972), there is no binding contract if an essential term is left unresolved, see T.O.
Stanley Boot, 847 S.W.2d at 221. A contract will fail for indefiniteness if evidence is not
presented on all essential terms. See id. at 221-22 (contract to loan money failed for indefiniteness
where interest rate and repayment terms not specified).

 Viewing the evidence in the light most favorable to HK, we conclude that the
alleged "broader agreement" was too indefinite to be enforced because it did not specify any of
the material terms inherent in contracts to develop commercial real estate. (3) The evidence cited by
HK relates to Power's promise to sign a pre-development agreement either (1) affirmatively stating
HK would be the owner/developer/landlord, or (2) referencing a "continuing relationship"
between the parties on this project. This evidence does not provide even the most basic terms
necessary to create a contract for the development of an entire manufacturing plant. For example,
the record is devoid of agreements on the scope of the project, the budget, the design, or the
duration or terms of any necessary leases. While it is true that in an appropriate case a court may
imply certain terms to a contract, see, e.g., Bendalin v. Delgado, 406 S.W.2d 897, 900 (Tex.
1966) (court inferred that "reasonable price" was intended), HK offered no evidence from which
any terms can reasonably be inferred here. There is simply nothing to indicate what the promisor
undertook. We hold that any oral contract between the parties that HK would be the
owner/developer/landlord of the entire project fails for indefiniteness and is thus unenforceable
as a matter of law.

 HK next argues that if no oral contract was created, the actions of the parties
created an "implied-in-fact" contract because the dealings between the parties indicate a meeting
of the minds regarding the terms of the contract. See Ishin Speed Sport, Inc. v. Rutherford, 933
S.W.2d 343, 348 (Tex. App.--Fort Worth 1996, no writ); Smith v. Renz, 840 S.W.2d 702, 704
(Tex. App.--Corpus Christi 1992, writ denied). We disagree.

 Both express contracts and implied-in-fact contracts require a showing of a mutual
agreement, the latter by inference from the circumstances. See Haws & Garrett Gen. Contractors,
Inc. v. Gorbett Bros. Welding Co., 480 S.W.2d 607, 609 (Tex. 1972) (emphasis added). With
an implied-in-fact contract, "[t]he conception is that of a meeting of the minds of the parties as
implied from and evidenced by their conduct and course of dealing . . . ." Id. (emphasis added). 
The conduct must convey an objective assent to the terms of an agreement. See Ishin Speed Sport,
933 S.W.2d at 348; E-Z Mart Stores, Inc. v. Hale, 883 S.W.2d 695, 699 (Tex. App.--Texarkana
1994, writ denied).

 None of the evidence relied on by HK shows that the parties' conduct and course
of dealing implied they had reached a meeting of the minds as to the terms of a contract allowing
HK to develop the entire project. As noted previously, HK does not direct this Court to evidence
of any terms it believes the "broader agreement" included; thus, it is unable to produce evidence
to show the parties manifested their agreement to these unknown terms through their actions. (4)

 We hold that Power was entitled to a "no-evidence" summary judgment on HK's
counterclaim for breach of contract. HK produced no evidence that the parties agreed to the
material terms of a contract giving HK the right to be the owner/developer/landlord of the entire
project; therefore, the oral contract fails for indefiniteness. Similarly, there is no evidence of any
actions by the parties that could imply they agreed to be bound to a sufficient number of essential
terms.


 2. Fraud


 Before addressing whether HK has presented any evidence as to the elements of
fraud, we first turn to the issue of whether fraud is the proper cause of action to redress HK's
alleged injury. Generally, if conduct gives rise to liability independent of the fact that an
agreement exists between two parties, a cause of action may sound in tort; but if conduct gives rise
to liability only because it breaches the parties' agreement, the claim sounds only in contract. See
Southwestern Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991).

 In the present case, Power's liability, if any, arises from a failure to comply with
the "broader agreement" HK alleges exists. (5) HK has alleged fraud and breach of contract based
on essentially the same facts: Power's failure to allow HK to be the owner/developer/landlord of
the project. While HK couched its cause of action as common-law fraud, it arguably seeks to
recover merely the benefit of its alleged bargain with Power. See DeLanney, 809 S.W.2d at 495. 
Because HK's real objective seems to be to enforce a promised exchange, it might not be able to
use fraud to circumvent the unenforceability of the contract. See Barbouti v. Munden, 866 S.W.2d
288, 293 (Tex. App.--Houston [14th Dist.] 1993, writ denied).

 Nonetheless, assuming arguendo that a fraud action is appropriate in this case, it
still fails. Under a no-evidence summary-judgment standard, the non-movant must produce
evidence on each of the essential elements of a claim on which it would have the burden of proof
at trial. Tex. R. Civ. P. 166a(i). Power asserted in its motion for summary judgment and to this
Court that HK is unable to present any evidence on at least one of the essential elements of fraud. 
We agree.

 The elements of common-law fraud are: (1) a material representation; (2) that is
false; (3) which was either known to be false when made or was made recklessly without
knowledge of its truth; (4) with the intent that the representation be relied upon; (5) that it was
relied upon; and (6) which caused injury. See Johnson & Johnson Med., Inc. v. Sanchez, 924
S.W.2d 925, 931 (Tex. 1996); Stone v. Lawyers Title Ins. Corp., 554 S.W.2d 183, 185 (Tex.
1977).

 HK claims that Power made the following fraudulent misrepresentations to HK: 
(1) that HK had been awarded the Power Project as outlined in the RFP and in conformity with
HK's development proposal (that HK would be the owner/developer/landlord of the project); and
(2) that Power would sign the pre-development agreement. Assuming, as we must, that Power
made these representations to HK, we find no evidence in the record that Power had the necessary
intent to commit fraud.

 Each of the misrepresentations allegedly made by Power involves a promise of
future action. A promise of future performance constitutes actionable fraud only if the promise
was made with no intention of performing it at the time it was made. See Formosa Plastics Corp.
v. Presidio Eng'rs, 960 S.W.2d 41, 48 (Tex. 1998); see also Texas Oil Co. v. Tenneco Inc., 917
S.W.2d 826, 834 (Tex. App.--Houston [14th Dist.] 1994), rev'd on other grounds, 958 S.W.2d
178 (Tex. 1997) (citing T.O. Stanley Boot, 847 S.W.2d at 222). Thus, in order to prove its fraud
claim, HK must show that at the time Power promised HK it would be awarded the project, and
at the time Power promised to sign the pre-development agreement, Power had the intent to
deceive and no intention of performing as promised. See Formosa, 960 S.W.2d at 48.

 HK argues that the intent of a party not to perform as promised may be inferred by
the party's subsequent actions. HK directs our attention to Power's ultimate failure to perform,
coupled with Power's denial that it ever made the promises, to create an inference that at the time
Power made the promises it had no intention of fulfilling them. We agree that a party's denial that
a promise was ever made is a factor that may be considered in determining whether, when the
promise was made, there was a lack of intent to perform. See Tenneco, 917 S.W.2d at 834. 
However, Power has never denied that its original intent was for HK to assume a large role in the
project pursuant to the RFP. Power has also never denied that it promised to sign a pre-development agreement. We also agree that failure to perform as promised is one factor that may
be considered to establish deceitful intent of a party at the time the promise was made. See
Tenneco, 917 S.W.2d at 834. Standing alone, however, failure to perform amounts to no evidence
of fraud. See Formosa, 960 S.W.2d at 48; Tenneco, 917 S.W.2d at 834. Because the only
evidence HK presents regarding fraudulent intent is Power's failure to perform as promised, (6) HK
has failed to produce any legally competent evidence to raise a fact issue that Power had the
requisite intent at the time the promises were made. See Formosa, 960 S.W.2d at 48.

 Having concluded that HK failed to produce any evidence as to the required element
of intent, we need not address the remaining elements of fraud. We hold that the trial court
correctly granted summary judgment on HK's fraud claim pursuant to Power's request for a "no-evidence" summary judgment.

 Because we uphold the judgment of the trial court pursuant to Rule 166a(i), we need
not address whether the judgment may be upheld under Rule 166a(c) as well. See Tex. R. Civ.
P. 166a(c), (i).


CONCLUSION



 Having found no error, we affirm the trial court's granting of Power's motion for
summary judgment as to HK's causes of action for breach of contract and fraud.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: May 27, 1999

Do Not Publish

1. During oral argument, the parties suggested the judgment was based on Rule 166a(i);
however, both Power's and HK's briefs on appeal structure the arguments as if judgment was
based on Rule 166a(c).
2. Power also made this argument as to HK's negligent-misrepresentation claim, but that issue
was not a part of the trial court's judgment and thus is not part of this appeal.
3. We emphasize that our holding today is limited to finding that the parties had no enforceable
oral contract as to the "broader agreement" that HK claims existed. We make no determination
on the issue of whether an oral contract was created as to pre-development services as
memorialized in the unexecuted pre-development agreement.
4. HK also urges this Court to find that the doctrine of promissory estoppel precludes Power
from denying an agreement existed between the parties. It is well settled, however, that
promissory estoppel does not create a contract where none existed before. See, e.g., "Moore"
Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934, 936 (Tex. 1973). HK also argues that
promissory estoppel precludes Powers from asserting the defense of statute of frauds. See Nagle
v. Nagle, 633 S.W.2d 796, 799 (Tex. 1982). In light of our holding that any alleged contract
between the parties that HK would be the owner/developer/landlord of the project fails for
indefiniteness, we need not address Power's defense of statute of frauds or the promissory estoppel
exception to that defense.
5. We emphasize that we are not addressing liability for the pre-development services already
performed by HK. Liability for these services is the subject of the underlying declaratory-
judgment action still pending before the trial court below.
6. HK urges this Court to find that "other circumstantial evidence" creates a fact issue of
fraudulent intent, but fails to direct us to any such circumstantial evidence in the record.


M>See Tenneco, 917 S.W.2d at 834. 
However, Power has never denied that its original intent was for HK to assume a large role in the
project pursuant to the RFP. Power has also never denied that it promised to sign a pre-development agreement. We also agree that failure to perform as promised is one factor that may
be considered to establish deceitful intent of a party at the time the promise was made. See
Tenneco, 917 S.W.2d at 834. Standing alone, however, failure to perform amounts to no evidence
of fraud. See Formosa, 960 S.W.2d at 48; Tenneco, 917 S.W.2d at 834. Because the only
evid