COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-288-CV
 
 
CI 
HOST, INC. AND CREATIVE                                              APPELLANTS
INNOVATIONS, 
INC.
 
V.
 
COMDATA 
TELECOMMUNICATIONS                                          
APPELLEE
SERVICES, 
INC. ALSO D/B/A
CERIDIAN 
TELECOM SERVICES, INC.
 
 
------------
 
FROM 
THE 96TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
breach of contract case arises from an unpaid phone bill. Appellants CI Host, 
Inc. and Creative Innovations, Inc. appeal the trial court’s judgment for 
Comdata Telecommunications Services, Inc. against CI Host.[2]  
In a single issue, appellants contend that the trial court erred by rendering 
judgment against CI Host because there is insufficient evidence of a contractual 
relationship between the parties and there is no equitable theory under which CI 
Host can be liable. We affirm.
        Comdata 
is a reseller of long distance telephone services. From 1999 to 2001, Comdata 
provided telephone services to appellants. Appellants did not pay Comdata’s 
bills in a timely manner and eventually stopped paying them altogether, citing 
complaints about the amounts charged.
        After 
appellants failed to comply with a negotiated settlement of the amounts owed, 
Comdata began taking steps to disconnect appellants’ service. In response, 
appellants filed the underlying lawsuit, alleging fraud, negligent 
misrepresentation, and tortious interference with CI Host’s customer contacts. 
In addition, appellants obtained a temporary restraining order preventing 
Comdata from disconnecting its service to appellants until they could acquire 
services from another provider. Comdata denied appellants’ allegations and 
counterclaimed for breach of contract and unjust enrichment.
        On 
the day of the trial, appellants admitted that they could not present a case for 
damages against Comdata and completely abandoned all of their affirmative claims 
against Comdata. Thereafter, trial proceeded only on Comdata’s counterclaims. 
After hearing the evidence, the trial court rendered judgment for Comdata and 
against appellants, jointly and severally, for $105,663.33 (the amount of 
appellants’ unpaid bills), plus attorney’s fees, costs, and pre- and 
postjudgment interest.
        On 
appeal, appellants do not challenge any of the amounts in the judgment. Instead, 
their sole complaint is that the trial court erred in rendering judgment against 
CI Host because there is no evidence or insufficient evidence of a contractual 
relationship between CI Host and Comdata. Appellants contend that the evidence 
is insufficient because there was no written contract between CI Host and 
Comdata, all invoices for telephone services were addressed and sent to Creative 
Innovations, one of Comdata’s witnesses testified that the account was set up 
in Creative Innovations’ name, and CI Host and Creative Innovations are 
separate legal entities.
        This 
case was tried to the court. In a bench trial where no findings of fact or 
conclusions of law are filed, the trial court’s judgment implies all findings 
of fact necessary to support it.[3]  Where a 
reporter’s record is filed, however, these implied findings are not 
conclusive, and an appellant may challenge them by raising both legal and 
factual sufficiency of the evidence issues.[4]   
Where the implied findings of fact are supported by the evidence, it is our duty 
to uphold the judgment on any theory of law applicable to the case.[5]
        The 
elements of a breach of contract claim are (1) the existence of a valid 
contract, (2) performance or tendered performance by the plaintiff, (3) breach 
of the contract by the defendant, and (4) resulting damages to the plaintiff.[6] The existence of a contract can be implied from the 
parties’ acts and conduct that indicate a mutual intention to contract.[7]
        In 
this case, there is ample evidence of an implied contract between CI Host and 
Comdata. Christopher Faulkner, CI Host’s president, chief executive officer, 
chairman of the board, and majority shareholder, negotiated for and obtained 
Comdata’s services.  When Faulkner made these arrangements, control of 
Creative Innovations had been turned over entirely to one of Faulkner’s 
business partners, and Faulkner was just a 50 percent shareholder in the 
company.  Further, Faulkner readily admitted at trial that CI Host utilized 
Comdata’s telephone services.
        Moreover, 
Faulkner and other representatives of CI Host acknowledged CI Host’s status as 
a Comdata customer. For instance, in written correspondence to Comdata on CI 
Host letterhead, Faulkner expressly referred to the account in Creative 
Innovations’ name as “our account.”  Donna McCauley, a CI Host 
employee who was never employed by Creative Innovations, was responsible for 
paying Comdata’s invoices and negotiated with Comdata to set up payment 
arrangements for the past-due invoices. In addition, Carole Faulkner, CI 
Host’s former attorney, expressly stated that CI Host was a “client of 
Comdata” and was deficient in making payments to Comdata.
        Applying 
the appropriate standards of review to all this evidence,[8] 
we hold that it is legally and factually sufficient to support the trial 
court’s implied finding that a contract existed between CI Host and Comdata.[9]  The contrary evidence—that the account was in 
Creative Innovations’ name and that invoices were addressed and mailed to 
Creative Innovations—is not so overwhelming that the finding should be set 
aside and a new trial ordered.[10]  Accordingly, 
we overrule appellants’ sole issue and affirm the trial court’s judgment.
  
   
                                                                  PER 
CURIAM
 
 
 
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.
 
DELIVERED: 
August 29, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The judgment against Creative Innovations is unchallenged.
3. 
Pharo v. Chambers County, 922 S.W.2d 945, 948 (Tex. 1996).
4. 
BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002).
5. 
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Point Lookout W., 
Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987).
6. 
Harris v. Am. Prot. Ins. Co., 158 S.W.3d 614, 622-23 (Tex. App.—Fort 
Worth 2005, no pet.).
7. 
Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co., 
480 S.W.2d 607, 609 (Tex. 1972); Ishin Speed Sport, Inc. v. Rutherford, 
933 S.W.2d 343, 348 (Tex. App.—Fort Worth 1996, no writ).
8. 
See Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001); Cont’l 
Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996) (both setting 
out legal sufficiency standard of review); Mar. Overseas Corp. v. Ellis, 
971 S.W.2d 402, 406-07 (Tex.), cert. denied, 525 U.S. 1017 (1998); Garza 
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965) (both setting out factual 
sufficiency standard).
9. 
See Haws & Garrett Gen. Contractors, 480 S.W.2d at 609; Ishin 
Speed Sport, 933 S.W.2d at 348.
10. 
See Garza, 395 S.W.2d at 823; Pool v. Ford Motor Co., 715 S.W.2d 
629, 635 (Tex. 1986) (op. on reh'g).