CI HOST V. COMDATA

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-288-CV

CI HOST, INC. AND CREATIVE      APPELLANTS

INNOVATIONS, INC. 

V.

COMDATA TELECOMMUNICATIONS  APPELLEE

SERVICES, INC. ALSO D/B/A 

CERIDIAN TELECOM SERVICES, INC. 

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This breach of contract case arises from an unpaid phone bill.  Appellants CI Host, Inc. and Creative Innovations, Inc. appeal the trial court’s judgment for Comdata Telecommunications Services, Inc. against CI Host.
(footnote: 2)  In a single issue, appellants contend that the trial court erred by rendering judgment against CI Host because there is insufficient evidence of a contractual relationship between the parties and there is no equitable theory under which CI Host can be liable.  We affirm.

Comdata is a reseller of long distance telephone services.  From 1999 to 2001, Comdata provided telephone services to appellants.  Appellants did not pay Comdata’s bills in a timely manner and eventually stopped paying them altogether, citing complaints about the amounts charged. 

After appellants failed to comply with a negotiated settlement of the amounts owed, Comdata began taking steps to disconnect appellants’ service. In response, appellants filed the underlying lawsuit, alleging fraud, negligent misrepresentation, and tortious interference with CI Host’s customer contacts. In addition, appellants obtained a temporary restraining order preventing Comdata from disconnecting its service to appellants until they could acquire services from another provider.  Comdata denied appellants’ allegations and counterclaimed for breach of contract and unjust enrichment. 

On the day of the trial, appellants admitted that they could not present a case for damages against Comdata and completely abandoned all of their affirmative claims against Comdata.  Thereafter, trial proceeded only on Comdata’s counterclaims.  After hearing the evidence, the trial court rendered judgment for Comdata and against appellants, jointly and severally, for $105,663.33 (the amount of appellants’ unpaid bills), plus attorney’s fees, costs, and pre- and postjudgment interest. 

On appeal, appellants do not challenge any of the amounts in the judgment.  Instead, their sole complaint is that the trial court erred in rendering judgment against CI Host because there is no evidence or insufficient evidence of a contractual relationship between CI Host and Comdata.  Appellants contend that the evidence is insufficient because there was no written contract between CI Host and Comdata, all invoices for telephone services were addressed and sent to Creative Innovations, one of Comdata’s witnesses testified that the account was set up in Creative Innovations’ name, and CI Host and Creative Innovations are separate legal entities. 

This case was tried to the court.  
In a bench trial where no findings of fact or conclusions of law are filed, the trial court’s judgment implies all findings of fact necessary to support it.
(footnote: 3)  Where a reporter’s record is filed, however, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence  issues.
(footnote: 4)  
Where the implied findings of fact are supported by the evidence, it is our duty to uphold the judgment on any theory of law applicable to the case.
(footnote: 5)
 The elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resulting damages to the plaintiff.
(footnote: 6) 
 The existence of a contract can be implied from the parties’ acts and conduct that indicate a mutual intention to contract.
(footnote: 7)
 In this case, there is ample evidence of an implied contract between CI Host and Comdata.  Christopher Faulkner, CI Host’s president, chief executive officer, chairman of the board, and majority shareholder, negotiated for and obtained Comdata’s services.  When Faulkner made these arrangements, control of Creative Innovations had been turned over entirely to one of Faulkner’s business partners, and Faulkner was just a 50 percent shareholder in the company.  Further, Faulkner readily admitted at trial that CI Host utilized Comdata’s telephone services. 

Moreover, Faulkner and other representatives of CI Host acknowledged CI Host’s status as a Comdata customer.  For instance, in written correspondence to Comdata on CI Host letterhead, Faulkner expressly referred to the account in Creative Innovations’ name as “our account.”  Donna McCauley, a CI Host employee who was never employed by Creative Innovations, was responsible for paying Comdata’s invoices and negotiated with Comdata to set up payment arrangements for the past-due invoices.  In addition, Carole Faulkner, CI Host’s former attorney, expressly stated that CI Host was a “client of Comdata” and was deficient in making payments to Comdata. 

Applying the appropriate standards of review to all this evidence,
(footnote: 8) we hold that it is legally and factually sufficient to support the trial court’s implied finding that a contract existed between CI Host and Comdata.
(footnote: 9)  The contrary evidence—that the account was in Creative Innovations’ name and that invoices were addressed and mailed to Creative Innovations—is not so overwhelming that the finding should be set aside and a new trial ordered.
(footnote: 10)  Accordingly, we overrule appellants’ sole issue and affirm the trial court’s judgment.

PER CURIAM

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DELIVERED: August 29, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The judgment against Creative Innovations is unchallenged.

3:
Pharo v. Chambers County
, 922 S.W.2d 945, 948 (Tex. 1996).

4:
BMC Software Belg., N.V. v. Marchand
, 83 S.W.3d 789, 795 (Tex. 2002).

5:
Worford v. Stamper
, 801 S.W.2d 108, 109 (Tex. 1990); 
Point Lookout W., Inc. v. Whorton
, 742 S.W.2d 277, 278 (Tex. 1987).

6:
Harris v. Am. Prot. Ins. Co.,
 158 S.W.3d 614, 622-23 (Tex. App.—Fort Worth 2005, no pet.).

7:
Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.,
 480 S.W.2d 607, 609 (Tex. 1972); 
Ishin Speed Sport, Inc. v. Rutherford,
 933 S.W.2d 343, 348 (Tex. App.—Fort Worth 1996, no writ).

8:
See
 
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez
, 937 S.W.2d 444, 450 (Tex. 1996) 
(both setting out legal sufficiency standard of review); 
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998); 
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965) (both setting out factual sufficiency standard).

9:
See
 
Haws & Garrett Gen. Contractors,
 480 S.W.2d at 609; 
Ishin Speed Sport,
 933 S.W.2d at 348
.

10:
See Garza,
 395 S.W.2d at 823; 
Pool v.
 
Ford Motor Co.
, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g).